## BRESSLIN v. STAR CO.

·(Supreme Court, Appellate Division, Second Department.   February 5, 1915.)

1. LIBEL AND SLANDER (§ 124*)—ACTION—INSTRUCTIONS—"ACTUAL MALICE"—
   "LEGAL MALICE."

 The court in a libel case charged that, to award punitive damages, it
must be proven that the publication, in addition to being false, was pub-
lished either from "actual malice," that is personal ill will, as distin-
guished from "legal malice," which is deemed to accompany every in-
vasion of the rights of another, or recklessly, with wanton disregard of
the rights of plaintiff; that the jury should consider the nature of the
publication, and the report on which it was based; and that proof of
the falsity of the charge was evidence of malice, making it a question
for the jury whether the malice called for punitive damages.  *Held,* that
the instruction taken in its entirety was proper; the court correctly dis-
tinguishing between legal and actual malice, and leaving it to the jury
to determine whether there was such actual malice as to call for punitive
damages.

 [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 365–
370, 372, 373; Dec. Dig. § 124.*

 For other definitions, see Words and Phrases, First Series, Actual
Malice; also First and Second Series, Malice.]

2. TRIAL (§ 256*)—INSTRUCTIONS—DUTY TO REQUEST.

 Where an instruction in its entirety was correct, it was the duty of ap-
pellant, if he deemed it not sufficiently clear, to request additional ex-
planatory charges.

 [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig.
§ 256.*]

 Jenks, P. J., and Putnam, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Leon Bresslin against the Star Company.   From a judg-
ment for plaintiff, and an order denying a new trial (85 Misc. Rep.
·609, 148 N. Y. Supp. 295), defendant appeals.   Affirmed.

Argued before JENKS, P. J., and BURR, STAPLETON, RICH,
·and PUTNAM, JJ.

Clarence J. Shearn, of New York City, for appellant.

Julius S. Belfer, of Brooklyn (Charles J. Belfer, of Brooklyn, on
.the brief), for respondent.

BURR, J.   [1] The only question in this case arises in connection
with the charge.   The learned justice thus instructed the jury:

 "So much with respect to compensatory damages.   Now I come to speak
of exemplary, punitive, or vindictive damages, or, as it is sometimes termed,
'smart money.'   In order to give punitive damages, it must be proved that this
publication, in addition to being false, was published either from actual
malice—that is, from personal ill will entertained by the defendant against
the plaintiff—as distinguished from legal malice, which is deemed to accom-
pany every invasion of the rights of another, or else that it was published
recklessly, carelessly, or with wanton disregard of the rights of the plaintiff.
In determining this question, you may consider the nature of the publication
itself, and you may compare it with the report of the representative of the
news agency on which it purported to be based.   In this connection, I wish
·expressly to say to you that the plaintiff, in an action for libel, gives evi-
dence of malice whenever he proves the falsity of the charge.   It becomes
.then a question for you whether the malice is of such a character as to call

for exemplary or punitive damages; and that question is not to be taken away from you because the defendant gives evidence which tends to show that there was in fact no actual malice or ill will. When no such evidence is given, the plaintiff, upon proving the falsity of the libel, is entitled to exemplary damages in the discretion of the jury. Where, however, as in this case, the defendant gives evidence tending to show absence of actual malice, then it becomes the duty of the jury to determine as a question of fact whether or not such malice did in fact exist or did not exist in the publication."

The charge, taken in its entirety, is correct. In stating to the jury the rule relating to punitive damages, the trial justice used the expression "actual malice," defining it, and "legal malice," defining it. Subsequently he said:

"I wish expressly to say to you that the plaintiff, in an action for libel, gives evidence of malice whenever he proves the falsity of the charge."

It is perfectly apparent that he is here speaking of legal malice, and this statement is correct. Newell on Slander & Libel, §§ 385, 392, 401; King v. Root, 4 Wend. 113, 21 Am. Dec. 102. Not only do the words immediately preceding indicate this, but his succeeding sentence makes it absolutely clear, where he says:

"It becomes *then* a question for you whether the malice is of such a character as to call for exemplary or punitive damages."

That is, is the "legal malice" of such a character that you may find it to be "actual malice"? The court had told the jury that, to give punitive damages, they must find "actual malice" or its equivalent. He was right in saying that it would not be enough for defendant to show that there was no actual malice, in the sense of ill will. It might be that the character of the article, its reckless, careless, and wanton disregard of the rights of others, indicated by the circumstances of this publication, would justify such a finding. Newell on Slander & Libel, § 418; Carpenter v. New York Evening Journal Publishing Co., 111 App. Div. 266, 97 N. Y. Supp. 478. We think that this was such an article.

[2] The concluding words of the charge, as given, left it to the jury to determine as a fact the existence of actual malice. The charge might have been a little clearer. But, if it was ambiguous, it was the duty of defendant's counsel to have it made clearer. Roth v. Wells, 29 N. Y. 471, 486; Caldwell v. New Jersey Steamboat Co., 47 N. Y. 282; Jones v. Brooklyn Life Ins. Co., 61 N. Y. 79, 86; Bishop v. Village of Goshen, 120 N. Y. 337, 342, 24 N. E. 720. To simply ask a court to "correct his charge," without stating in what respect it was insufficient, is not available to present the question, even if the exception was sufficiently definite. Copp v. Hollins, 9 N. Y. Supp. 57, 59.[1]

The judgment and order should be affirmed, with costs.

STAPLETON and RICH, JJ., concur.

PUTNAM, J. (dissenting). This verdict is partly punitive. Its amount is peculiarly within the province of the jury. But this court is

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 56 Hun, 640.

to see if the jury had before them the grounds on which their verdict could go beyond compensatory damages; that is, that the plaintiff had to show actual malice. Cohalan v. New York Press Co., 212 N. Y. 344, 106 N. E. 115. The charge quoted from Crane v Bennett, 177 N. Y. 106, 69 N. E. 274, 101 Am. St. Rep. 722, followed what had been said of punitive damages in a way that might well warrant a jury in the impression that falsity alone shows such malice as deserves punitive damages. An exception was duly taken. Laymen do not readily distinguish such artificial terms as "malice in law" and "malice in fact," and hence easily misapply what was said in Crane v. Bennett. Such an error as to the right to assess punitive damages merely from the falsity of the libel occasioned the reversal in Amory v. Vreeland, 125 App. Div. 850, 110 N. Y. Supp. 859.

Hence I vote for a new trial.

JENKS, P. J., concurs for reversal.