LEON BRESSLIN, Respondent, *v.* STAR COMPANY, Appellant.

Second Department, November 18, 1916.

Pleading — amendment of answer — costs.

Where, pending an appeal in the Court of Appeals from an affirmance by the Appellate Division of a judgment for the plaintiff in an action for libel, a new trial is granted on motion by the defendant on the ground of newly-discovered evidence, as a condition of which he paid prior costs in the action, said defendant should not be compelled to remit the costs and disbursements of the appeal in its favor and to pay costs and disbursements already paid by it as a condition of being permitted to amend its answer.

*It seems*, that on the trial the defendant could withdraw any part of its defense, but plaintiff could use the defense waived or withdrawn to show actual malice.

APPEAL by the defendant, Star Company, from part of an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 21st day of June, 1916, as resettled by an order entered in said clerk's office on the 12th day of August, 1916.

Defendant appeals from so much of said order as imposes the terms and conditions upon which it is permitted to serve a second amended answer.

*Thomas E. McEntegart* [*William A. De Ford* with him on the brief], for the appellant.

*Julius S. Belfer*, for the respondent.

THOMAS, J.:

In this libel action, the defendant, in joining issue, among other things, pleaded in an amended answer that the plaintiff at the time of stealing the ring, which is the subject of the libel, was " carrying upon his person a concealed weapon in violation of law." The action was tried, and it appeared that the weapon was a toy pistol. The plaintiff had a verdict for $6,000, and the judgment affirmed in this court * was pending in the Court of Appeals, when Mr. Justice CRANE

* See 166 App. Div. 89.— [REP.

granted a new trial on the ground of newly-discovered evidence. Mr. Justice CRANE constrained defendant, as a condition of the new trial, to pay the costs and disbursements of the judgment, $159.77; of the judgment of the Appellate Division on affirmance, $109.22; "disbursements legally and necessarily incurred in the proceedings before the official referee in procuring witnesses and interpreter," $100; costs in the Court of Appeals before argument, $30; costs of motion for a new trial, $10; total, $408.99. That order was made November 23, 1915, and the sum was paid plaintiff's attorney. On May 3, 1916, the defendant moved to eliminate the recital in the answer about the weapon, and it was decided by the Special Term that the proposed amended answer, omitting the reference to the weapon, could be served upon the condition that defendant pay $10 costs of the motion and also $600, and remit payment of $164.10 taxed by defendant against the plaintiff on affirmance of the order granting a new trial. The court made up the amount as stated in an order first granted by him, which was resettled; that is, $159.77 costs and disbursements taxed in the original judgment of June 25, 1914, and $109.22 costs of affirmance in this court, which two sums defendant had once paid as the condition of the new trial; the sum of $350 for disbursements "legally and necessarily incurred in connection with the motion for a new trial herein and the reference thereon, and the appeal therein," although Mr. Justice CRANE had fixed the sum of $100 as that which should be paid in connection with the reference, and although the costs and disbursements of appeal were cast against the plaintiff and in favor of the defendant in the sum of $164.10, the defendant was compelled to remit them as a part of the condition of the amendment. Now it will be noticed that there was no chance for the plaintiff to recover such costs upon retrial. They belonged to the past and were settled. They had served their purpose. They had been adjudicated and once used, and defendant had paid them as stated. If the court sought for terms, it should have been on some other basis. But what sum should defendant pay for withdrawing a part of its answer? When the case is called, the defendant in opening could say that it withdraws any part of its defense, and it could not be

helped.    Maybe that would hurt more than to withdraw it beforehand.    But in either case plaintiff could use the defense waived or withdrawn to show actual malice.

The motion should be granted on payment of ten dollars costs, and the order as so modified should be affirmed, without costs.

JENKS, P. J., STAPLETON, MILLS and PUTNAM, JJ., concurred.

Motion granted on payment of ten dollars costs, and order as so modified affirmed, without costs.