*P. C. Dugan* for appellant.

*Louis F. O' Neill* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND and CRANE, JJ. Dissenting: MCLAUGHLIN and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

ROSE CATTINI, an Infant, by EMILIO CATTINI, Her Guardian ad Litem, Appellant, *v.* AMERICAN RAILWAY EXPRESS COMPANY, Respondent, Impleaded with Others.

*Negligence — master and servant — child injured by automobile truck hired with chauffeur to deliver packages for express company — express company not liable where chauffeur not employed by it or under its control.*

*Cattini* v. *American Railway Express Co.*, 202 App. Div. 336, affirmed.
(Argued October 18, 1922; decided November 21, 1922.)

APPEAL from a judgment entered July 20, 1922, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint in an action to recover for personal injuries alleged to have been sustained through the negligence of defendant. The plaintiff, a child seven years of age, was injured on the 8th day of September, 1920, in front of 435 West Forty-ninth street, New York city, when a truck driven by one Francis Hunt, traveling west on the south side of the street, made a sudden turn to the north to avoid another truck approaching from the west, mounted the sidewalk, and, running over the plaintiff's hands, cut both of them off. The truck was owned by the defendant Talbot, who had been in the general trucking business for some twenty-five years. At the time of the accident it was loaded with goods of the American Railway Express Company. Hunt, the chauffeur of the truck, was then being paid a salary by Talbot, who had hired him. The truck was one of three owned by Talbot then being used in the defendant

McKeon's service carrying the goods of the express company in pursuance of an arrangement under which McKeon paid Talbot regularly through one McNamara a stated sum per load and himself collected from the express company on a load basis, McKeon taking as his profit the difference between what he paid out and what he collected from the express company. The Appellate Division directed a dismissal of the complaint on the ground that the chauffeur was not at the time of the accident in the employ of the express company or under its control.

*Thomas J. O'Neill* and *Leonard F. Fish* for appellant.
*Edward V. Conwell* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ. Absent: HISCOCK, Ch. J.

---

REMINGTON ARMS UNION METALLIC CARTRIDGE COM-
PANY, Respondent, *v.* GEORGE ATKINSON, Appellant.

*Conversion — settlement of action by payment of sum including price of certain merchandise — when refusal to deliver merchandise constitutes a conversion.*

*Remington Arms Union Metallic Cartridge Co.* v. *Atkinson*, 191 App. Div. 902, affirmed.

(Argued October 18, 1922; decided November 21, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 26, 1920, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury. The action was for conversion. The plaintiff claimed that, on or about March 23, 1917, it paid to the defendant the sum of $8,500 in settlement of an action for damages for breach of contract which the defendant herein had brought against the plaintiff, and that this amount included the said sum of $3,927.09 as the price of certain metals which were to have been used in the performance of the contract and that, as part of the settlement, it