## In the Matter of the Estate of Louis J. Golden, Deceased.

Surrogate's Court, New York County, January 18, 1938.

*Joseph A. Cox*, for the petitioner.

*William H. Monroe*, for the respondent.

Delehanty, S. In this discovery proceeding a sympathetic jury has rendered a verdict which if approved by the court will give to respondent other people's money. The jury patently were influenced by sympathy for respondent whose emotional conduct in their presence obviously created sympathy for her among the jurors. Her claim is without any real basis. Her own letters written after the death of deceased expressly negative the validity of her claim. One of her witnesses who testified to having been present at the making of the gift stated in his own handwriting to the public administrator that he knew of no gift. This statement was prior to the making of this claim by respondent. The other of her witnesses testified in a manner which makes it quite as likely that if he heard anything of the sort to which he testified it was merely a statement of deceased that respondent in whose home deceased was living should care for the bank book which is now claimed by respondent as a gift. In addition the physical and mental condition of deceased at the time of the alleged gift is so dubious as to cast doubt in itself on the claim of gift.

Finally, there was made to this jury by respondent's attorney an appeal to give this money to respondent because no kin of deceased were known and the estate was being administered by the public

administrator. Despite the admonition of the court that the jury must disregard this unworthy appeal their verdict shows that they must have been influenced by it. A lawyer who indulges in such improper efforts to obtain a favorable verdict must expect that courts will set the verdict aside. As was said in *Cherry Creek Nat. Bank* v. *Fidelity & Casualty Co. of New York* (207 App. Div. 787, 791): "Breaches of the rule limiting counsel to a discussion of the evidence have become all too frequent of late. It is time that the bar should realize that when counsel in a close case resort to such practices to win a verdict, they imperil the very verdict which they thus seek. [Citing cases.]"

The rule was stated also by the Court of Appeals in *Cattano* v. *Metropolitan Street R. Co.* (173 N. Y. 565, 571): "A verdict should be found only on the law and the evidence. Appeals to prejudice or passion, and the statement of facts neither proved nor presumed, have no place in a trial conducted according to the rules of the common law. * * * It [an improper appeal] would have justified the trial court or the Appellate Division in exercising the great power of dealing with the facts, which is intrusted to them but not to us, by setting aside the verdict and granting a new trial."

Authority to the same effect is ample. (*Cattini* v. *American Railway Express Co.*, 202 App. Div. 336, 342, 343; affd., 234 N. Y. 585; *Kinne* v. *International R. Co.*, 100 App. Div. 5, 8; *Horton* v. *Terry*, 126 id. 479, 480; *Kraus* v. *M. & G. W. Corporation*, 203 id. 582, 584; *Havern* v. *Hoffmann*, 252 id. 486.)

Here for all the reasons stated this verdict must be set aside unless the court is prepared to hold that the fact that other people's money happens to be temporarily in charge of a public administrator validates claims otherwise without merit. No court will establish any such principle of administration. The efficient public administrator in this county has regularly succeeded in finding and paying over to the kin of deceased persons about ninety per cent of the moneys passing though his hands as net estates. By reason of the disqualification of alien residents to act as administrators the closest of kin are frequently represented by the public administrator. To jeopardize their interests by loose application of the rules requiring strictest proof of gifts would work the gravest injustices.

Accordingly the verdict is set aside and the case ordered on the trial term calendar for the month of February, 1938, for hearing before another jury. Submit, on notice, order accordingly.