THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ISRAEL LEVINSON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD LEVINSON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ABRAM LEVINSON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALEXANDER LEVINSON, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE LEVINSON, Appellant.— Appeals by defendants from judgments of the County Court of Orange county convicting each of them of the crime of assault in the third degree. Judgments unanimously affirmed. The evidence adequately established beyond a reasonable doubt the guilt of the defendants. They were fortunate that the conviction was for third degree assault instead of second degree assault. The claim of error in respect of the court's charge at folio 681 of the record may not be sustained. One defendant did except but he made no request to charge that would have enabled the court to make the slight verbal change that would have resulted in a more accurate stating of the principle. Counsel was aware of the principle that the trial judge assumed he had stated, and could readily have made a request that would have prompted the court to substitute for the words " than one who testified a thing didn't occur," the words " than one who testified he did not observe or hear the occurrence," or some similar phrase that would have corrected the slight inadvertence of the court in respect of this type of negative evidence. (*Rhinelander* v. *Rhinelander*, 219 App. Div. 189, 191; affd., 245 N. Y. 510; *Fitzpatrick* v. *International R. Co.*, 252 N. Y. 127, 141.) The principle was not vital under the

evidence, which presented an issue of whether these defendants had engaged in an assault, as direct evidence established, or that they had, as they asserted, not only not engaged in the assault but that they neither saw it nor heard the commotion incident to it. Carswell, Johnston, Adel and Close, JJ., concur; Lazansky, P. J., concurs in result.