RITA BROWN, an Infant, by Her Guardian ad Litem, ARTHUR BROWN, and ARTHUR BROWN, Individually, Respondents, v. ELLA RATTNER, Doing Business under the Trade Name and Style of ADELPHI-CADILLAC GARAGE, and Others, Respondents, Impleaded with HERBERT SAND, Appellant.

Second Department, March 2, 1942.

*Joseph F. Hanley,* for the appellant.

*Abraham Engelman,* for the respondents.

PER CURIAM. Action by an infant to recover damages for personal injuries sustained in the collision of two automobiles, in one of which she was a passenger, and by her father for expenses and loss of services.

So far as the weight of evidence is concerned, the verdict in favor of plaintiffs is supported by evidence. The charge to the jury in that part thereof of which the appellant now complains was given by the learned trial justice without exception and became the law of the case. (*Buckin* v. *Long Island R. R. Co.,* 286 N. Y. 146, 149.) If appellant was not satisfied with the charge, it was his duty to except thereto and to request what he deemed to be a proper charge. (*Fitzpatrick* v. *International R. Co.,* 252 N. Y. 127, 140, 141; *Robinson* v. *Insurance Co. of North America,* 198 id. 523, 527; *Bresslin* v. *Star Co.,* 166 App. Div. 89, 91, and cases cited; *Hurley* v. *Olcott,* 134 id. 631, 639; *Thomas* v. *Union Railway Co.,* 18 id. 185, 188.) As to the summation of counsel for plaintiffs, in the portions thereof of which appellant complains, we are of opinion

that it does not constitute reversible error within the purview of the rulings in cases upon which the appellant relies, each of which presented conduct on the part of plaintiff's counsel which was extremely reprehensible. (*Walsh* v. *Frankenthaler*, 186 App. Div. 62, 64; *Cattini* v. *American Railway Express Co.*, 202 id. 336, 344; affd., 234 N. Y. 585; *Philpot* v. *Fifth Avenue Coach Co.*, 142 App. Div. 811.) This case is not a counterpart of any of those just cited. We conclude that the factual showing upon the subject of appellant's alleged liability was such that the summation of plaintiffs' counsel did not affect the result, and, therefore, is not ground for reversal. (*Gotham Const. Corp.* v. *City of New York*, 233 App. Div. 699, 700, and cases cited; *Von Au* v. *Magenheimer*, 126 id. 257, 269; affd., 196 N. Y. 510; *Title Guarantee & Trust Co.* v. *Pam*, 232 id. 441, 452.)

The judgment, and the amended judgment in so far as appealed from, should be affirmed, with costs to plaintiffs-respondents.

Present — HAGARTY, JOHNSTON, ADEL, TAYLOR and CLOSE, JJ.

Judgment, and amended judgment in so far as appealed from, unanimously affirmed, with costs to plaintiffs-respondents.