EDITH E. McCLINTOCK, as Administratrix of the Estate of THOMAS McCLINTOCK, Deceased, Respondent, v. ALBERT E. SANTANA, Doing Business as DAYTIME DRESS COMPANY, Appellant.— Action to recover damages for the wrongful death of plaintiff's intestate, as the result of being struck by defendant's automobile. Judgment in favor of plaintiff, entered on the verdict of a

jury, affirmed, with costs. The stipulation of counsel that the car involved was that of the defendant, the charge of the court on this phase, to which no exception was taken, and the assumption by both parties that the automobile involved belonged to the defendant, removed from the case any issue on that point. There was no prejudicial error on the trial of the action. The contention respecting the court's charge at folio 510 was not saved for review and, in any event, involved nothing prejudicial. (*Fitzpatrick* v. *International Ry. Co.*, 252 N. Y. 127, 140–141; *Brown* v. *Rattner*, 263 App. Div. 395; *People* v. *Levinson*, 254 App. Div. 588; *Breslin* v. *Star Co.*, 166 App. Div. 89, 91; *Robinson* v. *Insurance Co. of North Amer.*, 198 N. Y. 523, 527; *Perlman* v. *Shanck*, 192 App. Div. 179, 183; *Rapee* v. *Beacon Hotel Corp.*, 293 N. Y. 196, 199.) Carswell, Acting P. J., Johnston and Sneed, JJ., concur; Adel, J., dissents and votes to reverse the judgment and to grant a new trial because of the cumulative effect of the following incidents at the trial: (1) The error in instructing the jury that it might be determined as a question of fact whether or not the decedent should have looked for approaching traffic. (2) The reference, during summation by plaintiff's counsel, to two contradictory statements concerning the accident, made by the defendant, when there was no evidence thereof. (3) The error in instructing the jury that the failure of the defendant to take the witness stand, might be taken into consideration as bearing on the "truthfulness" of the plaintiff's witness; Wenzel, J., dissents and votes to reverse the judgment and to dismiss the complaint on the ground that plaintiff failed to establish a prima facie case.