## FRATES et al. v. THOMAS.
### No. 548.

Circuit Court of Appeals, Tenth Circuit.
March 16, 1932.

R. A. Kleinschmidt and Marvin T. Johnson, both of Tulsa, Okl., for appellants.

O. H. Searcy and J. B. Underwood, both of Tulsa, Okl., for appellee.

Before LEWIS, COTTERAL, and McDERMOTT, Circuit Judges.

McDERMOTT, Circuit Judge.

This is an appeal from a judgment for injuries received by the plaintiff while she was a passenger on one of defendants' busses. The plaintiff's testimony disclosed that she desired to alight at Quincy Street; she pushed the buzzer in ample time for the driver to stop; she started down the aisle to the door; the driver failed to stop; he asked her if she wanted off; she said yes; he opened the door, brought the bus to such a quick stop it jerked her and threw her out of the door. The driver's version was entirely different, but such differences are for the jury. The petition alleged negligence in failing to stop on signal; in opening the door while the bus was in motion; and in the sudden and violent stop.

Two errors are assigned:

First, that a verdict should have been directed for the defendants. The contention is that it is physically impossible for one standing in the aisle of a bus to be thrown out of a door in the side of the bus; that a sudden stop, or a jerk, propels forward or backward, but never sideways; that the verdict therefore rests upon evidence that cannot possibly be true. The contention assumes that the force of the jerk was exerted in a perfectly straight line coincident with the aisle of the bus; that there was no sway in the bus; that the plaintiff was perfectly balanced, and made no move to avert the fall. There is no ground for such assumptions. The accident might have happened in a number of ways; the plaintiff testified she was holding to one of the upright rods in the bus; if she was holding by her right hand, a sudden stop would cause her to pivot on that hand and she would be ejected through the open door; or the bus may have swerved, or struck a bump, and a side-thrust have been thus imparted to the jerk. It is entirely impossible to say as a matter of law that the sudden stop of a moving vehicle must project the victim in a straight line. It is said she was guilty of contributory negligence as a matter of law. This contention is predicated upon the assumption that the jury believed the witnesses of defendants, which assumption is clearly wrong. Counsel must be aware that a jury's finding on conflicting evidence will not be disturbed on appeal.

Second, it is contended that the court should have charged the jury that the defendants were not liable for injuries resulting from jerks and jars usually incident to the operation of a bus. There was no occasion for such a charge. If plaintiff's testimony was believed, the injuries resulted from an unusual and violent jerk incident to a sudden stop. If defendants' evidence was true, the plaintiff stepped off the bus before it had come to a complete stop. The trial court charged the jury that the plaintiff

could not recover unless she had established the negligence alleged in her petition.

The case presents a sharp conflict in the evidence, but that is all; the jury's verdict has settled the matter for all time; there is no error in the record, and no occasion for this appeal. The judgment is affirmed and the Clerk directed to issue the mandate forthwith.

Affirmed.