No. 15,947.

BOULDER VALLEY COAL COMPANY *v.* JERNBERG.
(197 P. [2d] 155)

Decided August 23, 1948.

Messrs. WOOD, CRAGER & RIS, for plaintiff in error.

Mr. H. BERMAN, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

GLENN JERNBERG had judgment against Boulder County Coal Company for damages for personal injuries based on negligence, and the latter here seeks reversal. Jern-

berg was engaged in the business of trucking coal which he purchased at the mine of defendant and transported in a vehicle made by attaching a pick up box to a coupe. On the occasion with which we are here concerned, instead of receiving his coal from one of defendant's electrically operated chutes, he was directed to a stationary metal chute which projected from the building at an angle of about thirty degrees from horizontal with the lower end located about seven feet above the bed of his truck. At its lower end was a "lip", hinged to its bottom and manually operated from the ground by a winch, which, when closed so that no coal could come out, extended upward approximately at right angles to the line of the chute, and when open projected horizontally from the end of the chute. The lip was slightly wider than the chute and had vertical sides. Coal would not slide over it by gravity, but had to be pushed out. After plaintiff backed his truck under the chute, one of defendant's employees placed boards up over the cab of the truck to protect it from falling coal; then, as testified by plaintiff, an employee of defendant climbed up on the chute and started pushing down the coal. One large piece of coal lodged "in the opening where it goes out into the truck" and became "stuck in the chute." Another employee then climbed up on the truck, stood on the edge of the truck box, which was about twenty-six inches in height, and reached up to the piece of coal in an attempt to loosen it. He did not succeed immediately and asked the plaintiff to assist him. Plaintiff then climbed up on the opposite side of the truck box from where the employee was standing and, just as he reached over to grasp one end of the piece of coal, the employee succeeded in jerking it loose. The next plaintiff remembered, he was sitting in the back of the truck and the coal had fallen against and broken his leg. Evidence was received in behalf of defendant to the effect that the large piece of coal which fell on plaintiff had not lodged in the chute, but that it was pushed down to the lip of

the chute by an employee who was up in the chute for that purpose; that another employee and plaintiff climbed up on the edge of the truck body, one on either side, for the purpose of taking the piece of coal and lowering it from the chute down to the truck bed so that its fall would not injure the bed; and that while so engaged, plaintiff fell in such a way that the piece of coal came down on his leg.

The court, over objection, instructed the jury that the rule of res ipsa loquitur applied. Even assuming that there may have been a defect in the chute and that such defect caused the piece of coal to become lodged so that it was necessary to loosen it by force, still such defect was a remote, not proximate, cause of plaintiff's injury. While so lodged, the piece of coal was harmless. The testimony was undisputed that the coal when not lodged, did not run out of the chute by gravity, but had to be pushed out. Plaintiff was fully aware of the unusual weight of the piece of coal; of its being lodged, and that it would fall when pulled over the edge of the lip; and he testified that he was reaching up to take hold of it with defendant's employee in an attempt to dislodge it, when the employee jerked it loose and it struck him. The proximate cause was either the jerking loose of the piece of coal, the unexpected course of its fall, the failure of plaintiff to support it due to its unexpected weight, or plaintiff's loss of balance or slipping from the truck box.

In *Yellow Cab Co. v. Hodgson,* 91 Colo. 365, 14 P. (2d) 1081, we quoted with approval from 45 C. J., p. 1205, §773, as follows: "The reason or theory of the doctrine of res ipsa loquitur is based in part upon the consideration that, as the management and control of the agency which produced the injury is, under the circumstances to which the doctrine applies, exclusively vested in defendant, plaintiff is not in a position to show the particular circumstances which caused the offending instrumentality to operate to his injury, while defendant, being

more favorably situated, possesses the superior knowledge or means of information as to the cause of the accident, and should, therefore, be required to produce the evidence in explanation. Accordingly if the circumstances do not suggest or indicate superior knowledge or opportunity for explanation on the part of the party charged or if plaintiff himself has equal or superior means of information, the doctrine cannot be invoked." And in *Denver Tramway Corp. v. Kuttner,* 95 Colo. 312, 35 P. (2d) 852, we said: The doctrine "is the creature of stern necessity for the sake of guarding against a miscarriage of justice that in a negligence case might follow because of the mere secrecy or invisibility of danger concerning which the outsider could know nothing. It is a doctrine that must be kept within comparatively narrow limits, lest a desire to promote justice bring about the defeat of justice instead." Wigmore discussing the considerations which ought to limit the rule of res ipsa says: "The injurious occurrence or condition must have happened irrespective of any voluntary action at the time by the party injured. It may be added that the particular force and justice of the rule, regarded as a presumption throwing upon the party charged the duty of producing evidence, consists in the circumstance that the chief evidence of the true cause, whether culpable or innocent, is practically accessible to him but inaccessible to the injured person." IX Wigmore on Evidence (3d ed.), p. 381, §2509. In the instant case the injurious occurance would not "have happened irrespective of any voluntary action at the time by the party injured," in climbing on the truck box and reaching for the piece of coal. Further in the instant case, "the chief evidence of the true cause" of the accident was as accessible to the injured person as to the party having charge of the operation of the chute. The giving of the instruction on res ipsa loquitur was error.

■■ Error is further urged in refusal of the court to give tendered instructions on assumption of risk. In

*Wilson v. Hill,* 103 Colo. 409, 86 P. (2d) 1084, and *United Brotherhood v. Salter,* 114 Colo. 513, 167 P. (2d) 954, we have classified assumption of risk as a form of contributory negligence, as has been done in Restatement of the Law, Torts, section 466. The only instruction given with reference to contributory negligence consisted of a brief stock definition, and a subsequent instruction to the effect that plaintiff could not recover if the jury found from a preponderance of the evidence that he himself was guilty of contributory negligence. The jury was further instructed that if they found that the accident was caused solely by the negligence of plaintiff then its verdict must be for defendant. This last instruction is confusing by its implication that plaintiff's negligence must be the *sole* cause of the accident in order to authorize judgment against him, in contradiction of the prior and correct instruction that plaintiff's negligence need not have been the sole cause of the injury in order to prevent his recovery. In the event of retrial the jury should be instructed more specifically as to the law applicable to the facts of the case relative to contributory negligence and assumption of risk. As there was no evidence of unavoidable accident, there was no error in refusing a tendered instruction as to the law thereon.

For error in instructing on res ipsa loquitur as hereinabove noted, the judgment is reversed and the cause remanded.

MR. JUSTICE HILLIARD not participating.

MR. JUSTICE HAYS dissents.