No. 16,339.

WILSON *v.* STROH ET AL.
(216 P. [2d] 999)

Decided March 27, 1950.

Mr. GRANT E. MCGEE, Mr. CHARLES A. MURDOCK, for plaintiff in error.

Mr. RONALD V. YEGGE, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THIS is an action for damages resulting from an automobile collision, which, on being tried to the court, resulted in a finding that both plaintiff and defendant were guilty of negligence proximately causing the accident, and recovery by either party was precluded. Judgment was entered on the findings, and plaintiff in error, R. B. Wilson, who was plaintiff in the trial court, brings the cause here for review by writ of error.

In his complaint, he alleged that on April 24, 1947, at a point 100 feet south of the junction of Colorado highway 265 and United States highway 85 in Adams county, near Adams City, defendants so carelessly and negligently operated their motor truck that it collided with the motor truck of plaintiff, causing damage in the sum of $2,191.50, and for the loss of use in the sum of $653.73. Defendants answered with the usual denials of negligence, and alleged contributory negligence on the part of plaintiff; further, that plaintiff's damage was caused by an unavoidable accident. For a cross complaint, they alleged damage as a result of plaintiff's negligence in the sum of $515.42. The parties agreed that the amounts for which each prayed represented the fair and reasonable expense for the repair of each truck involved.

At the conclusion of the trial to the court, September 24, 1948, judgment was entered in favor of plaintiff on the issues for the sum of $2,502.80. Defendants filed a motion to amend the findings and judgment, and upon hearing, the motion was granted and the court amended its findings and judgment by concluding that plaintiff's driver was guilty of contributory negligence as a matter

of law; that defendants were guilty of negligence as a matter of law and fact, and that recovery by each party was precluded because each was guilty of negligence proximately causing the accident. Plaintiff filed a lengthy motion to strike the amended findings on the grounds that the court specifically disregarded the law as applied to the facts. The pertinent grounds of the motion will be hereinafter discussed. This motion was denied and error is assigned.

We are not called upon to set aside a judgment entered upon disputed facts. The controlling facts are freely admitted by both parties to the controversy. Whether or not the court made proper application of the law creates the problem for our determination. Proper consideration of the question presented calls for a statement of the facts and quotation of the statute said by the trial court to be controlling.

At the time of the accident, both plaintiff and defendant R. H. Stroh were driving trucks in a southerly direction on a four-lane highway. This highway is divided by an island in the center; near the point of the collision is an intersection, and leading off diagonally in a southwesterly direction from this highway is the old Denver-Brighton highway. The defendant was in the lead driving a transport outfit approximately sixty feet long at about fifteen miles per hour. He was in the right-hand or proper lane for travel. Plaintiff's gasoline transport truck was being driven by Evans, approaching defendants' truck from the rear. R. H. Stroh, driver of defendants' truck, testified that he intended to make a left-hand turn at the intersection over into the two-lane side of the highway and go back north, the direction from which he had been coming, to Greeley. He saw plaintiff's truck about 150 feet behind him which was gaining on him; he did not look again and started straddling the middle line of the highway; he said that he did not put out his hand to show that he was going

to make the U-turn, and that plaintiff could not have stopped.

It was a snowy, rainy day. Plaintiff's driver testified that he sounded his horn and turned on his lights to indicate to defendant driver that he was going to pass defendants' truck; he said he was in the extreme left-hand lane when he started to pass; that said defendant gave no indication he was going to turn, and that because he had driven over to the extreme right-hand side of the highway, he thought defendant was either going to turn off the highway to the right or go on into the old Denver highway; when defendant turned to the left directly in front of him in making the U-turn, the collision occurred.

It is admitted that plaintiff was attempting to pass within 200 feet of an intersection and was on the left-hand side of the highway in the passing lane. The trial court first found the issues in favor of plaintiff and against defendant. On motion, it later amended its findings as hereinbefore indicated, and did so on the theory and finding that plaintiff was overtaking and passing the truck of the defendants within 200 feet of an intersection, and therefore, was violating section 198 (b) chapter 16, '35 C.S.A. Paragraphs (a) and (b) of said section are as follows:

"§198. Limitations on overtaking on the left. — (a) No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. In every event the overtaking vehicle must return to the right-hand side of the roadway before coming within 100 feet of any vehicle approaching from the opposite direction.

"(b) No vehicle shall, in overtaking and passing another vehicle or at any other time, be driven to the left side of the roadway under the following conditions:

"1. When approaching the crest of a grade or upon a curve in the highway where the driver's view along the highway is obstructed within a distance of 750 feet.

"2. When approaching within 200 feet of any bridge, or tunnel or when approaching within 200 feet of or traversing any intersection or railroad grade crossing;

"3. Where official signs are in place directing that traffic keep to the right, or a distinctive center-line is marked, which distinctive line also directs traffic as declared in the sign manual adopted by the state highway department."

We believe the trial court misapprehended the application of the pertinent part of the above statute to the undisputed facts in the case, as well as the physical condition of the highway at the point in question. It is to be noted that the introductory title of the statute is, "Limitations on overtaking on the left." In other words, it is made clear by the statute that no vehicle shall at any time be driven on the left side of the roadway when the prohibited conditions exist. The statute also is clearly intended to apply to a two-way or two-lane highway for the avoidance of traffic coming from the opposite direction. It does not make sensible application to two lanes for traffic all going in the same direction as in the case before us. Plaintiff was not driving on the left side of the roadway as mentioned in the statute. He was driving in the proper lane for passing in one direction traffic. The statute quoted provides that "in passing," a vehicle shall not be driven to the left side of the roadway, clearly indicating statutory regulations of traffic on a two-lane highway. Plaintiff at all times was on the right side of the roadway, and not in a position to meet traffic from the opposite direction, because such traffic was on the other side of the divided highway.

416

The authorities cited by defendant in support of his motion to amend the findings, are cases dealing with statutes or ordinances prohibiting passing at intersections, and are not applicable in the case at bar.

Defendant driver was attempting to make a U-turn in front of plaintiff, admittedly without giving any warning signal of such a turn. Judging from his actions in first turning his truck off to the right in preparing to make a long sweeping left-hand turn, plaintiff was clearly justified in thinking that defendant was turning off the highway to the right, and he was not bound to anticipate that he would negligently suddenly make a left-hand turn without warning. It is not disputed that plaintiff had given defendant driver all signals customarily used in indicating that he was about to pass defendants' truck. Under our interpretation of the statute in connection with the admitted facts, this is not a case of contemporaneous negligence of both parties, and the trial court was right in the first instance in finding that defendants' negligence was the proximate cause of the accident, and deciding the issues joined in plaintiff's favor. Accordingly, the judgment is reversed and the cause remanded to the trial court with directions to reinstate its first judgment in favor of plaintiff.

Judgment reversed.