No. 16,442.

GOLL *v.* FOWLER.
(238 P. [2d] 187)

Decided October 29, 1951. Rehearing denied November 19, 1951.

Mr. MYRON H. BURNETT, for plaintiff in error.

Messrs. DICKERSON, MORRISSEY & ZARLENGO, Mr. WILLIAM F. DWYER, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

WE will herein refer to the parties as they appeared in the trial court, where plaintiff in error was defendant and defendant in error was plaintiff.

The action was one for damages arising out of a collision at 9th avenue and Perry street in Denver on April 17, 1948, at about 11:15 o'clock P.M., between the motor scooter upon which plaintiff was riding and the automobile which defendant was driving. Plaintiff alleged in his complaint that the collision and resultant damage was caused by the negligence of defendant. In his answer defendant denied any negligence on his part and alleged that plaintiff's own negligence caused or contributed to the injuries sustained by him, and that the damage and injury of which complaint is made were the result of an unavoidable accident. Trial was to a jury resulting in a verdict, and judgment entered thereon, in favor of plaintiff for the sum of $5,000.00. Defendant seeks reversal by writ of error.

Pertinent facts involved are as follows: Plaintiff, a minor of the age of seventeen years, was, on the day in question, employed by a pharmacy on West Colfax avenue as delivery boy using a motor scooter. He left his employment shortly after 11:00 o'clock P.M. and started on the motor scooter to go to 510 Perry street to stay all

night at the home of a friend. At the intersection of 9th avenue and Perry street his motor scooter collided with an automobile driven by defendant. Plaintiff suffered a fractured skull and other injuries. Undisputed medical testimony was to the effect that plaintiff's injuries were such as to cause complete loss of memory of the circumstances surrounding the accident. Plaintiff testified that he remembered nothing after making a right turn off Colfax avenue and starting south on Perry street until the next day at the hospital. Defendant was driving south on Perry street and the physical conditions show conclusively that he was some distance ahead of plaintiff and that they were traveling in the same direction.

Shortly prior to arriving at the intersection of 9th avenue defendant gave a hand signal for a right hand turn to go west on 9th avenue. However 9th avenue was barricaded a short distance west of Perry street. Defendant was familiar with this fact but momentarily had forgotten it. He made a "U" turn in one continuous movement and as he was about to complete this turn plaintiff's motor scooter crashed into the left rear side of his car. Defendant did not see plaintiff's vehicle at any time prior to the collision. A police officer testified that, "The weather was clear and dry and good street lights in that intersection."

Defendant made the following statements, inter alia, concerning the accident: "I started up and came on down Perry and signalled a right turn and turned in here on Ninth Avenue (indicating), made a right turn, then I noticed that it was a dead-end street — I knew it before but I had forgotten about it — I noticed that it was a dead-end street, so I made a "U" turn in the intersection and headed east," * * * "Q. In other words, you swung into Ninth and then continued to swing to your left to make the "U" turn, a very short turn? A. Yes, right on back in the intersection." Defendant testified that before turning west on 9th avenue he looked in his rear vision mirror and no one was behind him; that after turning to

his right and then swinging left to make the "U" turn, he looked north on Perry street, "just long enough to see that the street was clear and nothing was coming." He stated that in negotiating the "U" turn his left front wheel passed a few feet over the extended west curb line of Perry street. His wife testified that in making the necessary curve to turn around, the left wheel of defendant's car went about two or three feet west of the projected west curb line of Perry street on 9th avenue. The point of actual impact was about two feet east of the center of Perry street and eight feet north of the south curb line of 9th avenue, and at the point of impact the front wheels of defendant's car "were pointed in a northeast direction, across the intersection." Defendant testified that there were no lights on the motor scooter because, "If there had been lights I would have seen them." The lights on the scooter were not operated on a battery; they functioned by direct connection with a generator when a lever was placed in proper position to provide light with the motor running. After the collision this lever was found to be in the proper position to provide light, and plaintiff testified that his lights were burning as he left his place of employment and proceeded toward the place where the accident occurred. Another witness observed that plaintiff's lights were burning as he drove down Colfax avenue a few blocks from the scene of the collision.

At the close of plaintiff's case defendant moved for a directed verdict upon the ground that no showing of negligence on the part of defendant was made. The motion was denied.

It is urged that the judgment should be reversed because: (1) There was no proof of negligence on the part of defendant which was the proximate cause of the injury; (2) that the plaintiff was guilty of contributory negligence as a matter of law; and (3) that the trial court erred in refusing a tendered instruction upon the subject of unavoidable accident.

Questions to be Determined.

First: *Was there competent evidence tending to establish negligence on the part of defendant, sufficient to require submission of that question to the jury under proper instructions?*

■ This question is answered in the affirmative. Pertinent ordinances of the City and County of Denver were introduced in evidence. Among them was section 43 of the Traffic Code, which includes the following: "It shall be unlawful for the operator of a vehicle to turn such vehicle so as to proceed in the opposite direction unless such movement can be made in safety and without backing or otherwise interfering with other traffic, provided that such "U" turn shall be made only at an intersection as herein defined, * * * " Other ordinances admitted in evidence covered numerous subjects as follows: Right and left turns at intersections; requirements relating to signals of intention to start, stop, or turn a motor vehicle in motion; provisions dealing with the necessity of displaying lights on motor vehicles; careless driving; requirement that a vehicle shall be driven on right half of the highway; and right-of-way between vehicles. Every ordinance that might have any application whatever to the evidence, or to the contentions of the parties based thereon, was before the jury, and no objections were made to the instructions which the court gave for the guidance of the jury.

Suffice it to say that there was evidence sufficient to warrant the jury in finding that defendant was negligent in giving a hand signal for a right turn and then abruptly and without signal of any kind swinging to the left in a complete "U" turn in front of the plaintiff, who most certainly was close upon the intersection when the "U" turn was attempted. The jury might well have found a violation by defendant of section 43 of the traffic ordinances above set forth. *Wilson v. Stroh,* 121 Colo. 411, 216 P. (2d) 999.

Second: *Was plaintiff guilty of contributory negligence as a matter of law?*

██ This question is answered in the negative. In the brief of counsel for defendant his argument upon the question under discussion is summarized as follows: "It is the position of defendant that evidence produced at the trial was sufficient only to prove that. the plaintiff suffered injury as the result of a collision by his scooter with the automobile driven by the defendant in a careful, lawful, and reasonable manner. Other than proving a collision and resulting injury, the plaintiff proved by his own evidence, which was uncontradicted, that plaintiff was guilty of negligence: (a) in operating his scooter without lights when lights were required, (b) in operating his scooter on the lefthand side of the street upon which he was traveling, and (c) in failing to yield the right-of-way to the defendant's automobile, all in violation of the provisions of the traffic ordinance of the City and County of Denver admittedly in effect at the time and place of the accident." However the conclusion that plaintiff's evidence tended only to establish the "undisputed" facts stated is wholly unjustified. While it is true that there was evidence from which the jury might have found that plaintiff was driving the motor scooter without lights, there also was ample evidence to support an opposite conclusion. The only evidence tending to establish that the scooter was being operated of the left-hand side of the street is that after the collision the motor scooter was wedged in beneath the running-board of the automobile in such manner that is was necessary to lift the automobile in order to extricate the scooter, and that from the physical appearances the point of impact, according to one witness, appeared to be about two feet to the left of the center of the street. Under all the facts and circumstances, and in consideration of the signal given by defendant for a right turn and his sudden "U" turn without signal of any kind, the fact that one witness thus fixed the

point of impact is not conclusive proof that the motor scooter was being operated contrary to the provisions of the ordinance.

Defendant contends that by moving outside the ex-.tended curb line of Perry street in the process of making the "U" turn, he then re-entered the intersection and that even though at the time of such re-entry he was necessarily headed in a southwesterly direction he nevertheless entered the intersection on the right of plaintiff and that he was entitled to the right-of-way. The right-of-way rule is applicable where vehicles are approaching each other on intersecting streets. It has no application to a collision occurring between vehicles proceeding in the same direction where the collision is occasioned by an improper turn. Notwithstanding this fact, however, the trial court submitted to the jury the right-of-way ordinance with instructions that, if it appeared from the evidence that plaintiff took the right-of-way he would be guilty of contributory negligence, and under such circumstances he could not recover. By its verdict, the jury determined that plaintiff was not guilty of contributory negligence by taking the right-of-way or otherwise, and since this verdict is based on competent evidence it should not be disturbed. *Swanson v. Martin,* 120 Colo. 361, 209 P. (2d) 917; *Amos v. Remington Arms Co.,* 117 Colo. 399, 188 P. (2d) 896. In *Phillips v. Denver City Tramway Co.,* 53 Colo. 458, 128 Pac. 460, our court said: "The question whether such contributory negligence has been proven is usually one for the jury. Under all the authorities, it is only in the clearest of cases, when the facts are undisputed and it is plain that all intelligent men can draw but one inference from them, that the question is ever one of law for the court. *Denver Co. v. Wright,* 47 Colo. 366; *Colo. Co. v. Chiles,* 50 Colo. 191; *Williams v. Sleepy Hollow M. Co.,* 37 Colo. 62.".

Third: *Did the trial court err in refusing to give the instruction tendered by defendant's counsel relating to*

*the subject of unavoidable accident as a defense to plaintiff's claim?*

This question is answered in the negative. Counsel for defendant tendered an instruction in the following language: "The Jury is instructed that an unavoidable accident is defined as an accident which occurs as a result of no negligence on the part of either driver." The court refused to give this instruction. Under the evidence in the case no issue was created warranting the submission of an instruction on unavoidable accident. The sole issues were those concerning the alleged negligence of defendant and the alleged contributory negligence of plaintiff. These issues were submitted to the jury for determination under proper instructions. We stated in *Boulder Valley Coal Co. v. Jernberg,* 118 Colo. 486, 197 P. (2d) 155: "As there was no evidence of unavoidable accident, there was no error in refusing a tendered instruction as to the law thereon." In *McBride v. Woods,* 124 Colo. 384, 238 P. (2d) 183, decided by this court October 15, 1951, we held it was reversible error to give an instruction upon the subject of unavoidable accident in the absence of evidence raising a genuine issue upon that question.

The judgment is affirmed.