**McKENNA et al. v. SCOTT et al.**

No. 4537.

United States Court of Appeals
Tenth Circuit.

Feb. 12, 1953.

Rehearing Denied March 9, 1953.

Edgar Fenton, Oklahoma City, Okl. (Elliott C. Fenton, Oklahoma City, Okl., was with him on the brief), for appellant.

Lon Kile, Hugo, Okl., for appellees.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Verna Lee Scott, for herself and as mother and next friend of her two minor children, instituted this action against Ray W. Steele, Southwestern Bell Telephone Company, and Raymond F. McKenna and James C. Walker, co-partners doing business under the name J. & M. Tree Surgeon Company, to recover damages for the death of Herman B. Scott, husband of Verna Lee Scott and father of the two minor children, which occurred as the result of a traffic accident on an arterial highway in Oklahoma. The cause was tried to a jury; a verdict was returned for plaintiff; judgment was entered on the verdict; and defendants McKenna and Walker alone appealed. For convenience, reference will be made to the appealing defendants as Tree Surgeon Company.

The action of the court in refusing to direct a verdict in favor of the defendant Tree Surgeon Company is challenged. It is argued that as to such defendant, the evidence was not sufficient to warrant the submission of the case to the jury. A mere scintilla of evidence is not sufficient to warrant the submission of a case to the jury. The well established rule is that the court should direct a verdict where the evidence is without dispute, or is conflicting but of such conclusive character that if a verdict were returned for one party, whether plaintiff or defendant, the exercise of sound judicial discretion would require that it be set aside. In other words, where the evidence, with all the inferences which may justifiably be drawn from it, does not constitute a sufficient basis for a verdict for plaintiff or defendant, as the case may be, and therefore if a verdict were returned in favor of such party it would have to be set aside, the court should direct a verdict for the opposite party. Slocum v. New York Life Insurance Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879; A. B. Small Co. v. Lamborn & Co., 267 U.S. 248, 45 S.Ct. 300, 69 L.Ed. 597; Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720; Central Surety & Insurance Corp. v. Murphy, 10 Cir., 103 F.2d 117; Farr Co. v. Union Pacific Railroad Co., 10 Cir., 106 F.2d 437; Oklahoma Natural Gas Co. v. McKee, 10

Cir., 121 F.2d 583; Coppinger, v. Republic Natural Gas Co., 10 Cir., 171 F.2d 4.

The evidence presented conflicts. But it is the function of the jury, under proper instructions of the court, to judge the credibility of witnesses, to appraise their testimony, to weigh contradictory testimony and conflicting circumstances, and to draw the ultimate conclusions as to the facts, whether they relate to negligence or some other issue. Frates v. Thomas, 10 Cir., 57 F.2d 535; Chicago & Northwestern Railway Co. v. Golay, 10 Cir., 155 F.2d 842.

There was direct and circumstantial evidence which tended to establish these facts. The highway on which the accident occurred runs north and south, and traffic upon it is heavy at times. Pursuant to a contractual arrangement with Southwestern Bell Telephone Company, Tree Surgeon Company was engaged in spraying trees and other vegetation under the telephone lines west of the highway. A one and one-half ton truck equipped with a tank, racks to hold cans and barrels, a pump, and hose, was being used in the spraying operation. The truck was headed southward and was parked on the west side of the highway, with its left wheels about two feet on the blacktop surface. Employees engaged in the spraying had flagged traffic from time to time, but immediately preceding the accident they did not do so. Visibility along the highway to the north extended about three miles and to the south about three-tenths of one mile. The decedent, his wife, their two children, and others were going northward on the highway. The automobile in which they were traveling was on its right side of the highway. Defendant Steele was engaged in the business of hauling gravel, and he used in connection with the business two-ton trucks with a five-yard dump bed and a carrying capacity of between fourteen and fifteen thousand pounds. One of the trucks loaded with gravel was going southward on the highway and was traveling fast. As it approached the truck parked on the highway, the gravel truck veered to the left in order to go around the parked truck. It later swayed a time or two, zigzagged, went across the center of the highway onto the east side, and struck the automobile being driven by the decedent. The collision occurred on the east side of the highway at a point somewhere between approximately forty or fifty feet and one hundred and fifty feet south of the parked truck. The decedent and one of the passengers in the automobile were killed. The direct and circumstantial evidence was sufficient to show that the defendant Tree Surgeon Company was negligent in parking its truck on the highway; that the parking of the truck in that position caused the driver of the gravel truck to turn or swerve to the left in order to pass the parked truck; that in making the turn and then attempting to get back on its right side, the gravel truck went out of control and moved onto its left side of the highway; and that the negligence on the part of the defendant Tree Surgeon Company in parking its truck on the highway was the proximate cause or a concurring proximate cause of the accident resulting in the death of the decedent. The evidence tending to establish such facts was sufficient to produce in the minds of reasonable persons the conclusion that the negligent parking of the truck partly on the highway set in motion an unbroken chain of circumstances proximately leading to the accident and resulting in the death of the decedent. Therefore, adapting the applicable principles of law to the evidence, the court properly denied the motion for a directed verdict and submitted to the jury the issue of negligence in the parking of the truck partly on the highway as the proximate cause or a concurring proximate cause of the accident.

The judgment is affirmed.