No. 18,011.

NATIONAL CONSTRUCTION COMPANY *v.* JOE HOLT, AS
THE HOLT ELECTRIC COMPANY.

(322 P. [2d] 1046)

Decided March 17, 1958.

Messrs. YEGGE, BATES, HALL & SHULENBURG, Mr. DON
R. EVANS, for plaintiff in error.

Messrs. SHELDON & NORDMARK, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties will be designated as they appeared in the trial court where plaintiff in error was plaintiff and defendant in error was defendant.

Plaintiff's action was one to recover damages based on alleged negligence of defendant.

The amended complaint alleged that "on or about the 23rd day of July 1954, plaintiff was engaged in the operation of erecting utility poles in Boulder County, Colorado; that plaintiff was using a Quickway boom connected to a truck-tractor for the purpose of erecting said utility poles; that during the said operation defendant, or his agents, servants, or employees, negligently attached or handled guy or support wires to a ground anchor and that due to said negligence the said support wires became loose and disconnected from said ground anchor and that as a direct result and proximate cause of the said negligence, one of the said utility poles fell, pulling over plaintiff's truck and Quickway boom thereby severely damaging said equipment of the plaintiff * * *."

The answer admitted that plaintiff was engaged with defendant in the erecting of certain poles under a subcontract with defendant; admitted that plaintiff was using a Quickway boom connected to a truck-tractor during said operations; admitted that one of the poles fell during the process of erection and that some of plaintiff's equipment was damaged. Negligence on the part of defendant was denied. As affirmative defenses it was alleged that the damages complained of were proximately caused or contributed to by the negligence of plaintiff and that the accident complained of was unavoidable.

The facts as shown by the evidence on the part of plaintiff are as follows: Defendant was engaged in erecting utility poles for the National Bureau of Stand-

ards, and it became necessary to employ plaintiff to assist in the erection by the use of its heavy equipment. The specific work to be done by plaintiff was to pick up the poles and set them in the ground. Defendant prepared the holes into which the poles were to be placed and attached steel cables or guy wires near the top of the poles, which guy lines were to be secured on the ground after the poles were placed in a vertical position. These guy wires were attached to the poles by defendant and consisted of ten-foot lengths of wire cable separated by an insulator, each length secured to the insulator by U-bolts or Crosby clamps fastened with nuts.

Plaintiff set one of the 110-foot poles in the hole prepared for it after which defendant undertook to secure the aforementioned guy wires. The pole subsequently fell at a time when all the guy wires had been secured with the exception of the last one. This last guy wire was stabilizing the pole by virtue of a temporary arrangement which served as a cable catch and was secured to the pole cable some 10 or 12 feet off the ground. It is the contention of plaintiff's counsel that at the time the pole fell only the employees of defendant were working on the guy wire, "which guy wire somehow gave way" causing the damage complained of. The drag line by which plaintiff's truck was attached to the pole had been slack for several minutes, as the pole fell the slack was taken up causing plaintiff's vehicle to be overturned and damaged.

At the conclusion of plaintiff's case defendant moved for dismissal of the complaint on the ground that the evidence was insufficient to sustain the allegations of the complaint. This motion was granted and plaintiff is here on writ of error, its motion for a new trial having been overruled.

It is argued by counsel for plaintiff that "Although specific negligence on the part of defendant in error was not proven by the plaintiff, the court erred in dismissing the plaintiff in error's complaint, inasmuch as the doc-

trine of *res ipsa loquitur* was applicable, and a prima facie case of negligence was thus established." This is the sole question involved in this case.

In its findings the trial court determined: "The testimony shows that the pole began to fall; that there had been a slackening of the line attached to the boom at one end and to the pole at the other end; that the line had been slackened for a period of twenty to thirty minutes. Now the control of the drag line and the cable was entirely within the control of the National Construction Company [plaintiff] and the court so finds. The fact that the line was still connected to the pole was an intervening cause that resulted in the overturning of the truck and the resultant damage to the truck thereby."

It definitely appears that plaintiff's manager was directing all of the operations in the erection and stabilization of the pole, and it is uncontradicted that plaintiff and defendant were engaged in a joint operation under the direction of plaintiff's superintendent or manager.

The mere happening of an accident raises no inference of negligence. *D. & R. G. R. Co. v. Thompson,* 65 Colo. 4, 169 Pac. 539; *McMillan v. Keck,* 82 Colo. 434, 260 Pac. 1079.

In *Home Public Market v. Newrock,* 111 Colo. 428, 142 P. 2d 272, this court said:

"The rule of 'res ipsa loquitur' is a rule of evidence only. It takes more than the mere happening of an accident to set the rule in operation. It must be shown that the act was of such a character, as, in the light of ordinary experience, it is without explanation except on the theory of negligence. 8 Thompson on Negligence (White's Supl.) 7635. * * * So in the instant case we are of the opinion that the rule is not applicable because it appears from the evidence that the accident is just as reasonably attributable to causes other than that of negligence of the defendant."

When it can with equal reasonableness be inferred that the accident in question was due to another

cause than the negligence of the defendant the doctrine of res ipsa loquitur cannot be invoked. *Saliman v. Silk,* 118 Colo. 220, 194 P. (2d) 304; *Yellow Cab Co. v. Hodgson,* 91 Colo. 365, 14 P. (2d) 1081.

In *Boulder Valley Coal Co. v. Jernberg,* 118 Colo. 486, 197 P. (2d) 155 it was held that the doctrine of res ipsa loquitur did not apply where the plaintiff has equal knowledge of hazards and has participated in the act which resulted in his injury.

"The doctrine is inapplicable if it appears from the evidence that the accident might reasonably have been caused by plaintiff's own negligence." 65 C.J.S. 1013, §220 (8).

Under the record before us the doctrine of res ipsa loquitur had no application. The judgment of the trial court was correct and is affirmed.