No. 19,306.

MARY M. MCGEE, ET AL. *v.* ED HEIM,
D/B/A CRESCENT MACHINE WORKS.
(362 P. [2d] 193)

Decided May 22, 1961.

Mr. Bailey Belfor, for plaintiffs in error.

Mr. George Fisher, for defendant in error.

*In Department.*

Opinion by Mr. Justice Sutton.

The parties are here in the same order they appeared in the trial court and will be so referred to or by name.

Richard and Mary McGee were the owners of a small building, part of which they occupied as a residence, and a part of which was rented to the defendant Ed Heim for use as a machine shop. On a day in October 1956, Heim was alone at the shop doing some metalizing when a fire broke out. He immediately obtained and emptied a nearby fire extinguisher but was unable to control the fire. He thereupon warned Mrs. McGee and summoned the aid of nearby packing house workers who aided him in battling the blaze until the volunteer fire department arrived. The machine shop and its ceiling were severely damaged, requiring extensive repairs. The McGees' residence next door was smoke damaged and some of their personal belongings were soiled, requiring replacement of some and cleaning of others.

The McGees brought the action seeking recovery against Heim for the damage sustained as a result of the fire. They alleged that the fire was caused by the negligence of Heim, to their damage in the amount of $3,462.59. Heim by answer denied the allegations of the complaint.

Requests for admissions were served upon defendant in accordance with Rule 36(a), R.C.P. Colo. No response was returned nor were objections to the requests filed by the defendant.

The trial was to the court without a jury. The plaintiffs promptly informed the court that they proposed to rely on the doctrine of *res ipsa loquitur* to establish the

liability of Heim, and offered the testimony of Mrs. McGee, a Mr. Morgan, who had performed the repair work, and cross-examination of defendant under the statute. The testimony of Mrs. McGee and the contractor amounted to no more than that a fire occurred on the day in question and that damages were sustained as a result thereof; and, that defendant operated a machine shop in the rented portion of the building. Upon cross-examination of Heim, plaintiffs' counsel read into the record without comment the requests for admissions served upon Heim, and established the nature of the machine that Heim had purportedly operated on the day of the fire.

At the conclusion of plaintiffs' evidence defendant moved to dismiss with prejudice. This motion was granted; however, after argument the court permitted reopening of the case for further examination of Heim, after which the defendant renewed his motion for dismissal which was then denied. Defendant then offered testimony in his defense. Following this and the argument the court entered findings and judgment for defendant, holding that plaintiffs had failed to establish facts sufficient to sustain a judgment in their favor. Motion for a new trial was denied and the plaintiffs are here by writ of error seeking reversal.

Plaintiffs argue that a prima facie case of negligence sufficient to withstand the motion for dismissal was established by application of the doctrine of *res ipsa loquitur*. They assert that the trial court ruled as a matter of law that the doctrine did apply, thus a presumption of the defendant's negligence was established. It is urged that under the authority of *Weiss v. Axler* (1958), 137 Colo. 544, 328 P. (2d) 88, once the doctrine is held to apply it creates a compulsive presumption of negligence which continues to exist until the defendant has satisfied the court or jury by a preponderance of the evidence that he was not negligent. The McGees argue that the trial court erred in concluding that they had not sus-

tained the burden of proof when by law the burden shifted to Heim to show by a preponderance of the evidence that he was not negligent.

There are two basic issues presented here, viz: (1) whether Heim's failure to respond or object to the plaintiffs' requests for admissions prevented Heim from offering evidence on those issues at the trial, or required plaintiffs to present evidence thereon at any time; (2) whether on this record plaintiffs established sufficient basic facts to invoke the rule of *res ipsa loquitur*.

As to the first issue plaintiffs rely upon Rule 36 (a), R.C.P. Colo., urging that under the rule the fourth request for admission (the only one in issue, the other three being admitted in open court) was not replied to in any way and hence is deemed admitted, requiring no proof at trial. The essence of that admission was that the fire of October 19, 1956, was caused by the ignition of oil or grease located near a metalizing machine which the defendant operated on the day of the fire. The defendant testified, however, that the "metalizing machine" was a type of welding device which heats metal to a molten state, and sprays it over a desired surface, that its heat is insufficient to ignite anything which is more than six inches removed from its flames; and that some of the hot metallic fragments could fall to the floor during the process. Further, Heim also testified that he was working with the machine in question when he became aware of the fire in the wall some six feet from where he was working and that he was alone and in complete control. In addition, without objection, he was asked on cross examination under the statute by the plaintiffs' attorney: "What was the cause of that fire?" He answered: "Faulty wiring," i.e., in the wall of plaintiffs' building. Thus the fundamental weakness of plaintiffs' case is its failure to establish a causal link between the fire and Heim's conduct, wrongful or proper as the case may be.

■ In considering the effect of Heim's failure to an-

swer the interrogatories, it is prudent to point out that the requirements of Rule 36(a) are not mere technicalities. Failure to comply cannot be lightly brushed aside. In *Swan v. Zwahlen* (1955), 131 Colo. 184, 280 P. (2d) 439, for example, we only relieved a defendant for failure to verify a copy of an answer to a request for an admission because there was no prejudice to the plaintiff and such action did not interfere with the determination of the issues on the merits. It may be noted, however, that in that case the party receiving the requests did reply. In the instant case there is a complete failure to reply in any way.

It is well settled by federal decisions too numerous to mention that when one fails to properly reply to requests for admissions, for the purpose of trial, those statements made in the request will be deemed admitted. *Beasley v. United States* (D.C.E.D.S.C. 1948), 81 F. Supp. 518; *West Kentucky Coal Co. v. Walling* (1946), 153 F. (2d) 582.

We thus must accept as admitted the facts set forth in the plaintiffs' requests for admissions.

The next consideration is the effect such admissions have at trial. The point is raised as to whether one may contradict the facts deemed admitted under Rule 36 (a).

In *Beasley v. United States* (D.C.E.D.S.C. 1948), 81 F. Supp. 518, it was held in interpreting the equivalent federal rule on this point that, "The admissions or denials stand in the same relation to the case that sworn evidence bears." This does not mean, however, that a technical admission of a certain fact will prevail over uncontradicted evidence to the contrary.

It would seem, then, that the proper effect of such an admission would be of a purely evidential nature. It may be contradicted or rebutted, its ultimate worth being left to the trier of fact.

We thus conclude that no error was committed when the trial court allowed Heim to rebut and explain admission number four. If plaintiffs' position was that his

538

evidence was incorrect they had the duty to properly rebut it if they could.

█ This brings us then to plaintiffs' reliance on the rule of *res ipsa loquitur*. We do not think it applies here. When it can, with equal reasonableness, as here, be inferred that the accident in question was due to a cause other than the alleged negligence of the defendant, *res ipsa loquitur* may not be invoked against such a defendant. *National Construction Co. v. Holt* (1958), 137 Colo. 208, 322 P. (2d) 1046. Under usual circumstances the mere happening of a fire, or the happening of an accident under mysterious circumstances cannot alone call the doctrine into play. *Hufford v. Ciovich* (1955), 47 Wash. (2d) 905, 290 P. (2d) 709; *National Union Fire Ins. Co. v. Elliott* (1956) (Okla.), 298 P. (2d) 448; *Hansen v. Phagan*, 146 Colo. 484, 369 P. (2d) 977.

█ Even assuming that plaintiffs had established a prima facie case, either with or without assistance from the rule of *res ipsa loquitur*, the trial court was entitled to find, as it did, that the defendant's testimony relating to the facts and circumstances of the fire, negatived any act of his as the cause thereof.

We conclude that the findings and judgment of the trial court are sufficiently supported by the record.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE MCWILLIAMS concur.