**Daisy MOORE, Plaintiff-Appellant,**

**v.**

**SAFEWAY STORES, INC., a corporation, Defendant-Appellee.**

**No. 71-1578.**

United States Court of Appeals, Tenth Circuit.

June 12, 1972.

L. G. Hawkins, Sapulpa, Okl. (John W. Young, Sapulpa, Ok., on the brief), for plaintiff-appellant.

Phillips Breckinridge, Tulsa, Okl. (Thomas R. Brett, Tulsa, Okl., on the brief), for defendant-appellee.

Before BREITENSTEIN, SETH and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This is a removed case with jurisdiction dependent on diversity. Plaintiff-appellant sought to recover for personal injuries incurred in a fall on the parking lot of defendant-appellee. The first trial resulted in a hung jury. On the second trial the court directed a verdict for defendant and plaintiff has appealed.

Safeway operated a store in Sapulpa, Oklahoma, which had an adjacent lot for the parking of cars. In front of the store exit was a concrete slab which ended in a curb. The asphalt surfaced parking area slanted away from the curb. The degree of incline does not appear in the record. One witness said that it was gradual. The plaintiff testified that "It was pretty steep, steep enough you couldn't turn a cart loose on it." Embedded in the asphalt were smooth, slick rocks. On the asphalt were oil drippings. The plaintiff said "it was slick."

Plaintiff, who had shopped before at the Safeway store, testified that "It had been quite some time since I'd been on the parking lot." On the day in question plaintiff had parked her car near the curb, purchased groceries, returned to the car with them in a cart, placed them in the back seat, and returned the cart. She then started back to the car and, a step or two from the curb and before she had reached the back door of the car, slipped and fell. A witness testified that nine days before at approximately the same spot she had slipped and fallen, and had reported her fall to Safeway management.

Under Oklahoma law, an owner is liable to an invitee for personal injuries when (1) he knows, or by the exercise of reasonable diligence should have known, of an existing dangerous condition and (2) the danger is not, or in the exercise of due care would not have been, obvious. Weaver v. United States, 10 Cir., 334 F.2d 319, 321, and cases there cited. In the case at bar, plaintiff was an invitee and defendant Safeway had knowledge of the fall of another person at approximately the same place less than two weeks before plaintiff's fall. The question now presented is whether the condition was obvious or should have been obvious to one exercising due care.

Oklahoma has said that the question of liability of an owner to an invitee for a dangerous condition is ordinarily for the jury and can be decided by the court as a matter of law if only one conclusion can be drawn from the evidence. Beatty v. Dixon, Okl., 408 P.2d 339, 342. The rule is well established in this circuit that a federal trial judge may not direct a verdict unless the evidence points all one way and is susceptible of no reasonable inferences which sustain the position of the party against whom the motion is made. Christopherson v. Humphrey, 10 Cir., 366 F.2d 323, 325–326, and cases there cited.

In the case before us the slant of the parking area was obvious just as the curb was obvious in Safeway Stores, Inc. v. McCoy, Okl., 376 P.2d 285. The slipperiness allegedly caused by the rocks imbedded in the asphalt and by the oil drippings is another matter. The record shows that plaintiff on the day in question made one trip from the car to the store and back and was returning to the car from her second trip to the store when she slipped and fell. She testified that she did not become aware of the slick condition until she fell.

We believe that on the record presented more than one conclusion may be reached and that reasonable men might draw inferences which would sustain a verdict for the plaintiff. It follows that the court should not have directed a verdict for the defendant.

Reversed and remanded for a new 'trial.