Argued September 9, affirmed October 23, 1975

CROENI, *Appellant, v.* DYSINGER, *Respondent.*

541 P2d 457

*Walter T. Aho,* Oregon City, argued the cause for appellant. With him on the brief was William E. Schumaker.

*Roger C. Tragesser,* Portland, argued the cause for

respondent. With him on the brief were Lovett, Stiner & Fasano, P. C.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN,* TONGUE, HOWELL, and BRYSON, Justices.

McALLISTER, J.

The plaintiff, Steven Croeni, brought this action against the defendant, Arthur Dysinger, for damages for personal injuries sustained in a motor vehicle collision. The jury found for defendant and plaintiff appeals. We affirm.

The sole assignment of error alleges that the trial court erred in instructing the jury about the proscription in ORS 483.308(3) against overtaking and passing at any intersection of highways unless "such movement can be made with safety".

The collision occurred at the intersection of Baseline Road and North 19th Street in Washington County. At that point Baseline Road is a one-way eastbound highway with two lanes for moving traffic. 19th intersects Baseline Road from the north to form a "T". Baseline Road is a through street.

Viewing the evidence in the light most favorable to the defendant, the jury could have found the following facts. That defendant was driving a tractor pulling a mobile home and was proceeding easterly on Baseline Road in the right traffic lane at a speed of ten to twenty miles per hour. Defendant's tractor was being followed by a pilot car. When defendant was half a block from 19th he signalled for a left turn. As he was turning to the left he was warned by radio from his pilot car that plaintiff was passing. Defendant immediately applied his brakes and skid-

---

* Holman, J., did not participate in the decision of this case.

ded to a stop and was completely stopped when the impact occurred. Defendant's tractor was completely across the left traffic lane and the front of the tractor was extending into 19th Street when the collision occurred.

The plaintiff had been traveling easterly in the left lane of Baseline Road. Plaintiff testified that he was traveling at a speed of 40-45 miles per hour and there was evidence that he was traveling much faster. The left front corner of the tractor and the right rear of plaintiff's car collided. That due to the width of 19th Street and the size of defendant's tractor and mobile home which it was pulling, defendant could only turn left into 19th Street from the right lane of Baseline Road.

When the tractor was making the turn the pilot car was nearly stopped astride the center line of Baseline Road with its lights flashing to indicate to plaintiff that defendant intended to turn left.

The trial court instructed the jury as follows:

"In addition to Common Law Negligence there is also Statutory Negligence, which consists of the violation of a statute or ordinance that, for the safety or protection of others, requires certain conduct or forbids certain conduct.

"When I call your attention to such a statute or ordinance, a violation of that statute or ordinance by a party constitutes negligence in and of itself, (unless you find from all the evidence that such party has established that he was acting as a reasonable prudent person under the circumstances.)

\* \* \* \* \*

"In view of the specifications of negligence contained in the answer and charged against the plaintiff it is necessary to tell you the duties the plain-

tiff owed to the defendant immediately prior to and at the time of the collision.

"Defendant alleges in his answer that plaintiff was negligent in the 4 particulars as follows:

\* \* \* \* \*

"(D) That the plaintiff was negligent in attempting to pass defendant's vehicle at an intersection of the highway[s] when such movement could not be made in safety.

"The statutory law of the State of Oregon provides that the driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction at any railway or interurban railway grade crossing or at any intersection of highways, unless such movement can be made with safety. This statute does not prohibit the overtaking and passing of another vehicle at an intersection, except in a situation where a reasonable prudent driver under the same or similar circumstances would consider that such passing could not be made with safety. It is for you to say whether from all the circumstances in this case whether the plaintiff acted as a reasonable prudent person at the time and place of the accident in overtaking and passing the defendant's vehicle."

The plaintiff excepted to the foregoing instructions on the ground that ORS 483.308(3) did not apply on one-way streets with two or more lanes for traffic. ORS 483.308(3)[1] reads as follows:

"The driver of a vehicle shall not overtake and pass any other vehicle proceeding in the same direction at any railway or interurban railway grade crossing or at any intersection of highways, unless such movement can be made in safety."

[1] Effective July 1, 1976, ORS 483.308(3) will be changed to specifically prohibit passing at intersections of two-way highways. The new statute does not mention one-way streets with two or more lanes for traffic. Or L 1975, ch 451, § 29(1)(c).

The above statute does not, by its terms, apply only to two lane highways with only one lane for traffic in each direction.

In *Perdue v. Pac. Tel. & Tel. Co.*, 213 Or 596, 326 P2d 1026 (1958) the plaintiff's car, traveling south, was overtaking and passing defendant's pickup truck at the intersection of Highway 99 and Coyote Creek Road when defendant made a left turn to drive onto Coyote Creek Road. Highway 99 was a two-way two lane highway and Coyote Creek Road intersected Highway 99 from the east forming a "T" intersection as in the case at bar. The opinion does not mention any traffic approaching from the south and we assume that there was none which would affect the two vehicles involved in the collision.

After the defendant rested he moved to amend his answer to conform to the proof by alleging that the plaintiff was negligent in attempting to pass at an intersection. The court denied the motion and this ruling was assigned as error on appeal. This court held that the trial court erred in denying defendant's motion to amend. We said:

"We do not believe that ORS 483.308(3) is applicable only to situations in which cross traffic is present in the intersection. * * * The fact that the overtaken vehicle is making an unlawful turn does not render the statute nugatory by permitting the other driver to attempt to pass it, whether or not the movement can be made in safety. ORS 483.308(3), referring to the attempt by the overtaking vehicle to pass the one ahead, says: 'unless such movement can be made in safety.' If the car ahead failed to give a signal required by law, which, if given, would have affected the operation of the overtaking vehicle, such fact could readily have a bearing upon the issue as to whether or not 'such movement can be made in safety.'

"ORS 483.308(3) requires the driver of an overtaking vehicle (1) to exercise reasonable watchfulness in apprising himself of the attendant circumstances, and (2) to pay the heed to such circumstances as a reasonably prudent person would in determining whether or not the passing can be made in safety." 213 Or at 604-605.

Since our statute does not contain a positive prohibition against passing at intersections, but, on the contrary, permits passing if "such movement can be made in safety," we hold that the trial court did not err in giving the instruction complained of by plaintiff.

Plaintiff cites cases[2] to support his contention, but they are distinguishable in that they involve statutes prohibiting passing at intersections rather than a statute such as ours which permits passing if it can be done with safety.

The judgment of the trial court is affirmed.

---

[2] Byerly v. Shell, 312 F2d 141, 143 (4th Cir 1962); May v. Warnick, 227 Md 77, 175 A2d 413, 416 (1961); Wallace v. Taxicabs of Tampa, Inc., 112 S2d 574 (Fla App 1959); Wilson v. Stroh, 121 Colo 411, 216 P2d 999 (1950).