In the Matter of FREDERICK C. SIMONS, an Attorney, Respondent.

First Department, February 5, 1926.

**Attorney and client — disciplinary proceedings — attorney under suspension who failed to appear in answer to charges disbarred for converting funds of clients of employer.**

An attorney, who is under suspension and who did not appear in answer to charges, is disbarred for converting money received by him from clients of his employer, a title company, to be used in closing titles to lands, which money was subsequently repaid to the employer by a surety company which carried a bond on the attorney.

The attorney's failure to appear and answer is equivalent to a plea of *pro confesso.*

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

No appearance for the respondent.

CLARKE, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York at a term of the Appellate Division of the Supreme Court, First Department, in May, 1902, and has practiced as such attorney since his admission and up to the 17th day of February, 1925, when an order was entered in the Appellate Division suspending the respondent from practice for one year.

The petition alleges the respondent has been guilty of misconduct as an attorney as follows:

The respondent was employed in the closing department of the Title Guarantee and Trust Company from December, 1923, to December, 1924. On May 18, 1924, while so employed, Mrs. D. Helen Williams gave him a check for the sum of eighty dollars. Respondent agreed that the proceeds of this check were to be used solely for the purpose of paying taxes on certain real property owned by her. Respondent cashed the check but did not use any part of the money for the purpose of paying taxes as agreed. He converted the entire proceeds of the check to his own use. Thereafter the title company reimbursed Mrs. Williams for the money which the respondent had converted and filed a claim for the loss with the Ætna Casualty and Surety Company, which company had previously given the title company a bond guaranteeing the faithful performance by the respondent of his duties while employed by the title company. After investigation the surety company repaid the amount to the title company. The respondent has not

repaid any part of the moneys converted and has not paid any taxes on Mrs. Williams' property.

On October 1, 1924, while the respondent was employed by the Title Guarantee and Trust Company, Mr. Morris Weiss gave him the sum of $130 to be held by the title company in accordance with the terms of a receipt which the respondent then gave to Mr. Weiss, of which the following is a copy:        *"October 1st, 1924.*

" Received from Morris Weiss the sum of $130.00 which represents taxes due May 1, amounting to $82.80 and seven (7%) per cent. penalty amounting to $5.80 and taxes due July 1, for three months, to-wit, July, August and September, amounting to $41.40 covering premises 2227 West 7th Street, in the Borough of Brooklyn, New York City.

" It is understood that if the tax covering the said premises shall be exempt on or before sixty (60) days from date, then the said sum of $130.00 is to be returned to the said Morris Weiss otherwise said money is to be used for the payment of taxes covering said premises.                        T. G. & T. CO.

"by F. C. SIMONS."

Respondent did not pay over any part of this money to the title company. He converted the entire amount to his own use. When Mr. Weiss had cleared the property referred to in the receipt of all tax liens he made demand upon the title company for the money and after he brought suit the money was repaid to him. The title company filed a claim for reimbursement with the Ætna Casualty and Surety Company and that company paid the amount claimed to the title company. No part of the money converted by the respondent has ever been repaid by him.

On November 24, 1924, while respondent was employed by the Title Guarantee and Trust Company, Mr. Stanley M. Shaw gave him a check for $105. The respondent agreed that the proceeds of this check were to be used solely for the purpose of paying interest on mortgages on premises 45 Pennsylvania avenue, Long Beach, in which premises Mr. Shaw had an interest. The respondent cashed the check but did not use any part of the money for the purpose of paying interest, as agreed, and converted the entire proceeds of the check to his own use. The title company repaid Mr. Shaw the sum of $105 and filed a claim with the Ætna Casualty and Surety Company for reimbursement. Thereafter the amount was paid to the title company by the surety company. The respondent has not repaid any part of the $105 paid by Mr. Shaw and has not paid any interest on the premises 45 Pennsylvania avenue, Long Beach.

A written notice containing charges of alleged professional misconduct on the part of respondent was served upon the respondent by the committee on grievances of the Association of the Bar and he was notified that the committee would meet and investigate the charges and requested that he attend at said meeting. The committee duly met and the respondent did not appear either in person or by counsel. Thereupon evidence having been taken before the committee the petition herein was prepared and duly served upon him with notice that the said petition would be presented to this court for its action on the 8th day of January, 1926. Proof of due service thereof is contained in the record and also respondent's written admission of service thereof. He has not appeared in person or by attorney.

Being now under suspension to practice by order of this court heretofore duly made and the petition setting forth repeated acts of conversion of sums received by him in a fiduciary capacity, his failure to appear and answer is equivalent to a plea of *pro confesso*.

It is obvious that he is unfit to remain a member of the bar and he should, therefore, be disbarred.

Dowling, Finch, McAvoy and Martin, JJ., concur.

Respondent disbarred. Settle order on notice.