LEONARD KIP RHINELANDER, Appellant, *v.* ALICE JONES RHINELANDER, Respondent.

Second Department, January 4, 1927.

Husband and wife — annulment of marriage — instructions — plaintiff testified to certain statements made to him by defendant — neither defendant nor her father testified in denial — court charged that no presumption arose from failure of defendant and her father to testify but that jury might consider that fact — court did not refer to particular facts to which plaintiff testified — counsel for defendant took exception merely and did not request definite charge — counsel should have requested specific charge as to effect of failure of defendant to deny plaintiff's testimony — plaintiff was not entitled to charge, for there is no presumption that plaintiff's testimony was true because not denied.

In an action to annul a marriage, the plaintiff testified to certain statements made to him by the defendant.   Neither the defendant nor her father took the stand to deny the statements.   The court charged the jury that no presumption arose

against the defendant through the failure of the defendant or her father to deny the statements testified to by the plaintiff, but that the jury might take such failure into consideration. Since the charge was not definite or specific as to the particular statements, and since it included both the defendant and her father, a mere exception by plaintiff's counsel to the charge did not raise the question that the proper rule in relation to the failure of the defendant to deny the statements made by the plaintiff was not charged by the court. The plaintiff's counsel should have made a request for the specific charge that the failure of the defendant to take the stand and deny that she had ever made the statements testified to by the plaintiff justified the jury in drawing an unfavorable inference against the defendant.

Furthermore, the plaintiff was not entitled to a charge to the effect that the plaintiff's statements upon the subject referred to must be taken as true because the defendant failed to deny such statements, for there is no conclusive presumption that the statements had been in fact made by the defendant to the plaintiff.

LAZANSKY, J., dissents, with memorandum.

APPEAL by the plaintiff, Leonard Kip Rhinelander, from a judgment of the Supreme Court in favor of the defendant, Alice Jones Rhinelander, entered in the office of the clerk of the county of Westchester on the 19th day of July, 1926, upon the dismissal of the complaint upon the merits after a trial by jury upon framed issues, and also from an order entered in said clerk's office on the 29th day of March, 1926, denying plaintiff's motion for a new trial made upon the minutes, with notice of intention to bring up for review an order entered in said clerk's office on the 12th day of July, 1926, authorizing said judgment and an order entered in said clerk's office on the 22d day of July, 1926, resettling the order for judgment.

*Isaac N. Mills* [*Leon R. Jacobs* with him on the brief], for the appellant.

*Samuel F. Swinburne* [*Lee Parsons Davis* and *Richard E. Keogh* with him on the brief], for the respondent.

PER CURIAM. In affirming the judgment in this case, we think our views should be stated with reference to the alleged error in the charge of the trial court concerning the failure of the defendant to take the stand and deny certain statements which plaintiff testified the defendant had made to him to the effect that she was not of colored blood.

Appellant's contention upon this point is that, as the defendant was in court throughout the trial, and capable of testifying and did not testify, the evidence of the plaintiff as to personal transactions with her and statements made by her should have been taken by the jury most strongly against her and accepted by them as true. As authority for this proposition, the appellant cites

*Wylde* v. *Northern R. R. Co. of N. J.* (53 N. Y. 156); *Jenner* v. *Shope* (205 id. 66); *Matter of Randel* (158 id. 216); *Matter of Simons* (216 App. Div. 162).

In this connection the trial court charged as follows: " Judge Mills for the plaintiff commented upon and criticized the failure to call the defendant and her father as witnesses, and asked you to draw unfavorable inferences therefrom, that it can be assumed the plaintiff's case would have been aided had either one of them taken the stand.

" While no presumption arises in this respect, you are at liberty and can give it such consideration and draw such inferences as you think are warranted by the proof from the failure to call such witnesses or to call any witness who might shed light upon the case. Except in certain specific instances and then under specific circumstances there is generally no hard and fast rule that uniformly applies.

" Neither the defendant nor the plaintiff is bound to call every person as a witness who might give some material evidence in his or her favor; and yet if they do not you are at liberty to deem it of sufficient importance to merit your consideration, and if you do, then give it such consideration as the circumstances and the testimony in the case warrant.

" We are concerned with the witnesses who were called and who gave testimony. We are not so much concerned with the persons not called as witnesses. And yet you may give such failure to call witnesses consideration, if it will aid you in finding the truth, and then you can draw such inferences as you think are warranted by the proof from the failure to call such witnesses."

At the close of the charge, appellant's counsel took the following exception: " Mr. Mills: I take an exception to your Honor's statement to the jury that no presumption — meaning as matter of law — arises against the defendant from her failure to testify in her own behalf or to call her father. The Court: I think I have stated the other rule of law under the existing circumstances, and I will leave the charge as originally made. Mr. Mills: I except to that portion of it."

An examination of the portion of the charge referred to shows that it was not definite or specific. No reference was made by the court to the particular statements which plaintiff had testified the defendant had made to him which she might have denied if untrue. Had this feature of the case been presented to the court, and its attention directed to the rule applicable when a party to an action, although present, fails to explain or deny material statements made by the other side, there is little doubt that the court

Second Department, January, 1927.                    [Vol. 219

would have recognized the true rule and applied it to the facts of the case.

Appellant's counsel, however, made no request of the court to charge upon the subject, but merely excepted to the charge of the court that no presumption arose against the defendant from her failure to testify in her own behalf or to call her father. In our opinion, this exception was insufficient to raise the point of error now presented by the appellant. We think, under the circumstances, that, if the appellant desired a charge of the court upon the subject as now contended for, it was the duty of counsel to point out the alleged error and request a charge as desired.

It is to be observed that the charge of the court excepted to was not limited to the failure of defendant to testify. It also included the father and, as to him, the charge was correct. In this situation, it was incumbent upon appellant's counsel to call the attention of the court to the fact that a different rule was applicable to the defendant because of her failure to testify, if the appellant desired that such a distinction should be made.

Furthermore, in the present case, we do not consider that plaintiff was entitled to a charge of the court to the effect that plaintiff's statements upon the subject referred to must be taken as true because the defendant failed to deny such statements. There was no conclusive presumption that these statements had been in fact made by the defendant to the plaintiff, because the defendant did not deny that she made such statements.

We think that, upon all the evidence in the case, the jury would have the right to reject plaintiff's testimony in this regard as untrue.

The judgment and order should be affirmed, with costs.

KELLY, P. J., JAYCOX, MANNING and YOUNG, JJ., concur; LAZANSKY, J., dissents and votes to reverse and to grant a new trial upon the ground that it was error for the court to charge the jury, in effect, that no presumption grew out of the failure of defendant to testify. While the court was not asked to charge specifically in this connection as to plaintiff's testimony of conversations with defendant involving the real issue of the case, the general language used by the court must have misled the jury. This error became really serious in light of the statement in the summation of defendant's counsel — improper and prejudicial to the plaintiff — that he assumed the responsibility for defendant's absence from the witness stand.

Judgment and order affirmed, with costs.