460

CHARLES J. NELSON, Respondent, *v.* JOYCE A. RUMSEY, Appellant.
JOHN A. SMITH, Appellant, *v.* CHARLES J. NELSON, Respondent.
JOHN A. SMITH, Respondent, *v.* JOYCE A. RUMSEY, Appellant.

Third Department, April 9, 1958.

*Charles B. Swartwood* for Joyce A. Rumsey, appellant.

*Max Etkind, Abraham Golos* and *Paul Reed Taylor* for John A. Smith, appellant and respondent.

*William E. Palmer* for Charles J. Nelson, respondent.

BERGAN, J. In the village of Horseheads, Route 17, running in an east-west direction, is composed of two roadways, each 24 feet wide, separated by a grass mall 15 to 18 feet wide. This highway is intersected by Lackawanna Avenue, a north-south street 20 feet wide.

On November 27, 1955 a vehicle operated by plaintiff Nelson was proceeding in Route 17 in a westerly direction. Defendant Rumsey was driving in Lackawanna Avenue in a northerly direction. A collision occurred between the vehicles in that part of the intersection area consisting of the westbound (northerly) roadway of Route 17 and Lackawanna Avenue.

The verdict of the jury was in favor of Nelson and against Rumsey. The main issue on appeal is whether the instruction of the court to the jury on the right of way rule was the correct one.

It seems a reasonable inference from the testimony that defendant Rumsey entered the general area of Route 17, i.e., the eastbound lane of the highway, on the south side of the mall, before plaintiff Nelson entered any part of the intersecting area of Lackawanna Avenue.

On the right of way rule, the court instructed the jury in the language of subdivision 4 of section 82 of the Vehicle and Traf-

fic Law, as it read prior to its repeal by chapter 710 of the Laws of 1953, effective July 1 of that year. The court told the jury that the "right of way rule" was "That every driver of a vehicle approaching an intersection shall grant the right of way at such intersection to any vehicle approaching from his right."

Due precautionary limitations accompanied this language. The jury was instructed that the rule as given is not inflexible; must be applied with reason; does not excuse the driver on the right from approaching with care and control of the vehicle; but that the driver on the left "must approach the intersection having in mind that a car [on the right would], under ordinary circumstances * * * have the right of way".

Section 82-a, which was enacted in 1953 in place of former subdivision 4 of section 82, and which was in effect in 1955 at the time of this accident, provides: subdivision (a), that the driver of a vehicle "approaching an intersection" shall yield the right of way to a vehicle "which has entered the intersection from a different highway"; subdivision (b) that when two vehicles enter an intersection from different highways "at approximately the same time" the one on the left shall yield the right of way to the one on the right.

Counsel for defendant made a request in relation to the kind of verdict which could be returned under certain contingencies, which was charged as requested. Counsel then said this:

"MR. SWARTWOOD: And another thing, if the Court please, I respectfully except to that portion of the Court's charge in which he stated in words or in substance that the person on the right has the right of way and I ask the Court to charge Section 82, small 'a' of the Vehicle and Traffic Law.

"THE COURT: I decline to further charge except insofar as I have already charged."
To this defendant excepted.

Since the court had charged the language of the right of way statute which for many years had been in effect in New York, it must have been obvious to counsel that the court did not have the amendment of 1953 in mind; and it would seem to us that it would be the minimal duty of counsel to advise the judge of the nature of the statutory amendment on which he was relying, rather than to denote by cryptic reference the section number without amplification.

This, at least, is the spirit in which has been developed the requirement that a request to charge be so framed as to indicate to the judge what is sought and an exception be so stated as to indicate what counsel regards as the error complained of.

Thus, JOHNSON, J., in *Jones* v. *Osgood* (6 N. Y. 233, 235), dealing with the need of specification in a general exception to a charge containing distinct propositions, a somewhat different problem than the one here, but having some analogy in respect of the duty of counsel, noted that "It has been held in many cases, that the party complaining of the charge of a judge, must put his finger on the point of which he complains" and "that when an error is supposed to have been committed, there should be an opportunity to correct it at once, before it has any consequences". (Cf. *Rhinelander* v. *Rhinelander*, 219 App. Div. 189.)

It is to be observed also that the statutory reference which counsel gave in his request was not itself quite fully accurate. The request was "to charge Section 82, small 'a'" of the statute. Counsel obviously meant to request subdivision (a) of section 82-a, because the court's charge must be read as instructing the jury substantially on the provisions of subdivision (b) of section 82-a, which deals with the right of way of vehicles entering an intersection at about the same time.

We are of opinion, moreover, that the term "intersection", in subdivision (a) of section 82-a, as applied to the facts of this case, means the area within the westbound roadway of Route 17. Such a construction seems literally admissible within the definitive language of the Vehicle and Traffic Law. An intersection, says the definition set up by subdivision 6 of section 2, "shall include the area bounded by the side lines, real or projected, of two or more public highways which meet or cross each other."

A "public highway" is defined as including any "highway", "road", "street", "public driveway or any other public way" (§ 2, subd. 2). It is further provided that "street" or "roadway" "shall include that part of the public highway intended for vehicular travel". It is thus to be seen that the mall is not part of the roadway, and by fair implication not part of the highway as far as vehicular operations are contemplated.

Besides this, both roadways on the side of the mall are literally "public driveways" or "public ways" within subdivision 2 of the definitions, and if they are, the projected "side lines" of the roadways as they cross Lackawanna Avenue are an "intersection" which, within the literal language of subdivision 6, is an area "bounded by" such lines.

This seems also a practical construction of the language since there is great variety in the width of malls separating road-

ways, and in the resulting overall width of the intersections that would result if the full area of both driveways and the portion adjacent to the mall necessarily were to be treated as one intersection.

To carry appellant's theory to its ultimate conclusion in the case before us would require a vehicle proceeding in a westerly direction in the northerly roadway, and just about to enter the intersection, to stop and wait to see if a vehicle which had just entered the eastbound lane, perhaps 50 feet away, would continue on and cross the westbound road, or make a right turn into the eastbound one. We do not think the definitive words of the statute should be bent that far away from the actual highway conditions they were intended to govern.

Similar statutes in their impact on intersections in which one highway is divided into two roadways by a mall have been construed in this direction in Wisconsin and in Colorado. In *Heinz* v. *Schenck* (176 Wis. 562), the Supreme Court of Wisconsin held that in a situation similar to the one before us that "In applying the statute, Kenwood Boulevard is in practical effect two streets separated by a park." (p. 568); and the same court again held in 1939 (*Geyer* v. *Milwaukee Elec. Ry. & Light Co.*, 230 Wis. 347) in respect of an arterial highway consisting of separated driveways that the "south driveway" was "in effect a separate street".

Construing a similar statute in its application to such a highway, the Supreme Court of Colorado in *Bartlett* v. *Hammond* (76 Col. 171) held that "so far as concerns 'center of intersection' the east and west roadways are separate highways or streets." (P. 177.)

We reach the conclusion, therefore, that the portion of the court's charge to which exception was taken is not erroneous as being in conflict with subdivision (a) of section 82-a under the facts disclosed by the record; and it is in substantial compliance with subdivision (b) of the section which, in respect of vehicles entering an intersection at approximately the same time, is quite similar to former subdivision 4 of section 82.

We do not hold, of course, that all divided highways create segmented intersections. Physical arrangements may differ greatly and the impact of the statute must be measured to accommodate those differences. We hold, merely, that in the intersection involved in this action the charge of the court was in substantial conformity with statutory requirements.

Although the main argument of appellant resting on the charge to the jury is addressed to a definition of the term "inter-

section '' to include the full area of Lackawanna Avenue crossing both lanes and the mall section of Route 17, a reply brief suggests that even if the intersection is deemed limited to the westbound lane, appellant would be entitled to the instruction under subdivision (a) of section 82-a.

There is no clear proof that appellant Rumsey entered this portion of the area first; she does not say so and the folio references cited by her on appeal do not clearly demonstrate it. The photographs of the vehicles after the accident suggest she ran into the left side of the Nelson car and in these circumstances no harmful error had been committed in the refusal to charge subdivision (a) of section 82-a, had the request been sufficiently amplified.

The judgments appealed from should be affirmed, with costs.

Gibson, J. (dissenting). I vote for reversal on the law and a new trial.

The exception taken to the right of way rule charged and the request to charge seem to me to have sufficiently apprised the trial court as to the error complained of and as to counsel's request that section 82-a be charged in its entirety. The section had then been in effect more than three years and the assertion in appellant Rumsey's brief that it was referred to in summation is not denied.

Neither can I agree that the effect of the separated roadways of Route 17 was to create two intersections of Route 17 and Lackawanna Avenue, either within the statutory definition (Vehicle and Traffic Law, § 2, subd. 6) or practically. The mall dividing the four-lane highway was estimated to be from 15 to 18 feet wide, the minimum estimated being less than the length of most automobiles and the maximum less than the length of many. From this it follows, if respondents' theory is correct, that a driver might properly enter the roadway for eastbound traffic but then be obliged to stop for westbound traffic with some part of his car exposed to oncoming traffic in one roadway or the other, thereby creating a new condition of hazard.

I do not believe that the statutory definition may be extended so as to comprehend and permit so dangerous a situation. It would seem that this view finds some confirmation in the language of section 120 of the Vehicle and Traffic Law as enacted by chapter 698 of the Laws of 1957 to become effective July 1, 1958 as '' both a recodification and a revision of the rules of the road and other related provisions of the Vehicle and Traffic Law.'' (Memorandum of Joint Legislative Com-

mittee on Traffic Violations.) Subdivision " (a) " of the new section defines " intersection " in terms not greatly different from the present definition (§ 2, subd. 6) and subdivision " (b) " then provides, in part: " Where a highway includes two roadways *thirty feet or more apart,* then every crossing of each roadway of such divided highway by an intersecting highway shall be regarded as a separate intersection." (Emphasis supplied.) Nevertheless, and in any event, the trial court's charge was not predicated upon the theory of two separate intersections. The error in charging the substance of the repealed subdivision 4 of section 82, with no reference to the qualification of the rule by subdivision (a) of section 82-a, was not harmless, even if the theory of two intersections be indulged, as there was evidence upon which the jury could have found that appellant Rumsey had crossed the first intersection and was in the second intersection before respondent Nelson reached it.

The factual situation was further complicated by the circumstance that the divided highway was so newly constructed that the usual warning signs had not been placed. This seems to me an additional reason for a complete definition of the rules to which appellant Rumsey's operation was subject, under section 82-a.

FOSTER, P. J., and COON, J., concur with BERGAN, J.; GIBSON, J., dissents in an opinion.

Judgments affirmed, with costs.