**STATE of Missouri, Respondent,**

v.

**Wm. Robert BERN, Appellant.**

**No. 7719.**

Springfield Court of Appeals.

Missouri.

March 19, 1959.

Breuer, Northern & Crow, Rolla, for appellant.

G. C. Beckham, Steelville, for respondent.

. · STONE, Presiding Judge.

The amended information in this criminal case charged, in substance, that defendant Bern willfully and unlawfully operated a west-bound motor vehicle "in a careless and reckless manner" on U.S. Highway 66 in Crawford County, Missouri,

by passing two other west-bound vehicles at an intersection and, in so doing, driving "to the left side of the roadway in said intersection in violation of Section 304.-016."[1] Following trial upon an agreed statement of facts, the court (sitting as a jury) found defendant guilty as charged and assessed his punishment at a fine of $25. Section 304.026; Laws of 1953, loc. cit. 595. Defendant appeals.

Highway 66, as it runs in a general easterly-westerly direction through Crawford County, Missouri, is a four-lane divided concrete highway with two lanes designated for west-bound traffic and two lanes designated for east-bound traffic. Missouri State Highway 19, a two-lane paved highway running in a general northerly-southerly direction, intersects the west-bound and east-bound lanes of Highway 66 which, at that point, are about one-quarter mile apart, separated by privately-owned land. For a distance of about three hundred feet east of the intersection of west-bound Highway 66 and Highway 19 (hereinafter referred to as the intersection), the two twelve-foot west-bound lanes are supplemented by a third west-bound lane which is on the "inside" or south of the two through west-bound lanes and is "used primarily (by) vehicles that are traveling west on Highway 66 and intend to make a left (south) turn onto Highway 19." Both north-bound and south-bound traffic on Highway 19 is directed to stop before entering the intersection by large stationary "stop" signs and also by an overhead "blinker light." The intersection is "open" with "no obstruction for at least three hundred feet from any direction."

At the time of the alleged offense, defendant was driving a west-bound tractor-trailer unit (at a speed not shown in the transcript) in the left-hand or south through lane on Highway 66, that being the center lane of the three west-bound lanes immediately east of the intersection;

and, as defendant entered the intersection, he "was in the process of passing" two other west-bound vehicles both of which were in the right-hand or north through lane on Highway 66 within one hundred feet of the intersection. There is no suggestion that either of the two unidentified west-bound drivers (whom defendant was passing) intended or attempted to make a left turn to the south onto Highway 19, or that either of those west-bound vehicles was involved in an accident. However, there was a collision between defendant's west-bound tractor-trailer unit and a 1957 Chevrolet automobile north-bound on Highway 19, whose driver had stopped before entering the intersection and then (without explanation in the record) had "pulled out into the intersection, directly in front of defendant's tractor-trailer."

Following a practice neither helpful nor commendable [Mannon v. Frick, 365 Mo. 1203, 1205, 295 S.W.2d 158, 161; State v. Pilkinton, Mo.App., 310 S.W.2d 304, 306], the state has filed no brief; but, the theory of the prosecuting officials apparently was that, by approaching and entering the intersection in the left-hand or south through lane on west-bound Highway 66, defendant violated the statutory prohibition that "(n)o vehicle shall at any time be driven to the left side of the roadway * * * when approaching within one hundred feet of or at any intersection." Section 304.016, subd. 4; Laws of 1953, loc. cit. 590. On the other hand, defendant asserts that the term "roadway," as used in Section 304.016, subd. 4, contemplates and includes the totality of the pavement on Highway 66, i. e., both west-bound Highway 66 and east-bound Highway 66, but that, if (contrary to defendant's primary contention) west-bound Highway 66 be regarded as a separate "roadway," the statutory prohibition in Section 304.016, subd. 4, is inapplicable to vehicles thereon because west-bound Highway 66 is "a roadway designated by markings or signs for one-way traffic"

---

1. All statutory references herein, unless otherwise specifically stated, are to the current cumulative pocket part of 16 V.A.M.S.

within the exception stated in Section 304.-015, subd. 2(4). Laws of 1953, loc. cit. 588.

■ Thus, determination of the instant case would seem to turn upon interpretation of the term "roadway" as used in Section 304.016, subd. 4. "Roadway" has been defined in the motor vehicle codes of some states [2] but not in our code. See Section 301.010; Laws of 1951, p. 695. And, examination of other statutory rules of the road in Missouri indicates that our General Assembly has not always used "roadway" in the same sense or with the same meaning.[3] So, in our endeavor to ascertain what the General Assembly intended by use of the term "roadway" in Section 304.016, subd. 4, legislative intention being the touchstone of statutory construction,[4] we find it appropriate to invoke the aid of certain auxiliary principles of statutory construction, namely, that the particular meaning to be ascribed to a specific word in a statute may depend to some extent upon the context in which the word

is used and, where the word is susceptible of two or more meanings, that interpretation should be adopted which best harmonizes with the manifest purpose of the statute as gathered from its context;[5] that the law favors a statutory construction harmonizing with reason and tending to avoid unreasonable or absurd results;[6] and, that statutes in pari materia should be construed together and harmonized, insofar as reasonably possible.[7]

■ Other statutory rules of the road [8] in pari materia with Section 304.016, subd. 4, plainly evidence a legislative intent that the flow of traffic on our highways should be expedited to the extent consistent with public safety—a purpose long ago judicially recognized as salutary and desirable. Egan v. Palmer, 221 Mo.App. 823, 829, 293 S.W. 460, 463. But, if *one side* of a divided four-lane highway were a "roadway" within the statutory prohibition of Section 304.016, subd. 4, that "(n)o vehicle shall at any time be driven to the left side of the roadway * * * when approaching within one

2. See the statutory definitions quoted in Poyer v. State, 240 Wis. 337, 3 N.W.2d 369, 371; Hayungs v. Falk, 238 Iowa 285, 27 N.W.2d 15, 18; Nelson v. Rumsey, 5 A.D.2d 460, 172 N.Y.S.2d 696, 700; Blanton v. Curry, Cal.App. 121 P.2d 125, 135; Schachunazarian v. Widmer, 159 Cal.App.2d 180, 323 P.2d 865, 866.

3. E. g., Section 304.015, subd. 3, provides that "(i)t is unlawful to drive any vehicle upon any highway or road which has been divided into two or more *roadways* by means of a physical barrier or by means of a dividing section or delineated by curbs, lines or other markings on the *roadway*, except to the right of such barrier or dividing section * * *." (Emphasis ours.)

4. See cases collated in 26 West's Missouri Digest, Statutes ■

5. Hayes v. Hayes, 363 Mo. 583, 588, 252 S.W.2d 323, 327(2); O'Malley v. Continental Life Ins. Co., 335 Mo. 1115, 1119, 75 S.W.2d 837, 839(5); Lamar Water & Electric Light Co. v. City of Lamar, 128 Mo. 188, 223, 26 S.W. 1025, 31 S.W. 756, 760–761, 32 L.R.A. 157; State ex

rel. Slinkard v. Grebe, Mo.App., 249 S.W.2d 468, 470(3); 50 Am.Jur., Statutes, § 247, loc. cit. 242; 82 C.J.S. Statutes § 331 p. 654.

6. Egan v. Palmer, 221 Mo.App. 823, 829, 293 S.W. 460, 463(3); Laclede Gas Co. v. City of St. Louis, 363 Mo. 842, 848, 253 S.W.2d 832, 835(3); Globe-Democrat Pub. Co. v. Industrial Commission, Mo.App., 301 S.W.2d 846, 852; City of St. Ann v. Buschard, Mo.App., 299 S.W.2d 546, 553(6); Browder v. Milla, Mo.App., 296 S.W.2d 502, 506(8); Kansas City v. Travelers Ins. Co., Mo.App., 284 S.W. 2d 874, 878(7).

7. See cases collated in 26 West's Missouri Digest, Statutes, ■ For application of this principle in construction of statutory rules of the road, consult Stutte v. Brodtrick, Mo., 259 S.W.2d 820, 827, and Kenney v. Hoerr, 324 Mo. 368, 372, 23 S.W.2d 96, 98(2).

8. Section 304.010, subd. 3; Laws of 1957, p. 631. See also Section 304.011 [Laws of 1957, p. 631]; Section 304.015, subd. 5(3) [Laws of 1953, loc. cit. 589]; Section 304.016, subd. 2(6) [Laws of 1953, loc. cit. 590].

hundred feet of or at any intersection or railroad grade crossing," then all vehicles on that side of such divided highway would be required to proceed single file in the extreme outside lane as they approached and passed each intersection and each grade crossing, and the drivers of all such vehicles would be compelled under pain of criminal prosecution, as they approached each intersection and each grade crossing, to nose and worm their way into the extreme outside lane, no matter how congested the traffic or how slow the speed of other vehicles already in that lane. Obviously, such construction of Section 304.-016, subd. 4, would render the inside through lane on each side of every divided multilane highway practically useless within one hundred feet of each intersection and each grade crossing and would make it immeasurably more difficult for vehicles to proceed in double file on multilane highways or to travel thereon at any reasonable and sustained rate of speed. Egan v. Palmer, supra, 221 Mo.App. loc. cit. 829, 293 S.W. loc. cit. 463. Satisfied that our General Assembly contemplated and intended no such construction which would engender absurd consequences, would create and compound traffic hazards, and would militate against the plain legislative purpose that the flow of traffic be expedited to the extent consistent with public safety, we reject the theory that *one side* of a divided multilane highway is a "roadway" within the scope and application of Section 304.016, subd. 4.[9]

In construing a similar statute, the Supreme Court of Colorado said in Wilson v. Stroh, 121 Colo. 411, 216 P.2d 999, 1001, that: "The statute * * * is clearly intended to apply to a two-way or two-lane highway for the avoidance of traffic coming from the opposite direction. It does not make sensible application to two lanes

for traffic all going in the same direction * * *." Our own view of the matter is that, particularly by reason of similar usage of the term "roadway" in the statutory left-turn provisions [Section 304.018, subd. 1 (2); Laws of 1953, loc. cit. 591], it would be reasonable and logical to regard the totality of the pavement on a divided multilane highway (in our case, both west-bound Highway 66 and east-bound Highway 66) as the "roadway" contemplated by Section 304.016, subd. 4, and to consider the separating barrier (in our case, the privately-owned land separating west-bound Highway 66 and east-bound Highway 66) as the center of that "roadway." But, as was pointed out in Minugh v. Royal Crown Bottling Co., Tex.Civ.App., 267 S.W.2d 861, 864–865, where the court was considering a Texas statute [Sec. 57(a)2 of Art. 6701d, Vernon's Ann.Civ.Stats.] containing the identical prohibition found in our Section 304.016, subd. 4, the same legal conclusion is reached regardless of whether the term "roadway" is interpreted as including the totality of the pavement on a divided multilane highway or whether *one side* of such divided multilane highway (in our case, west-bound Highway 66) is regarded as a "roadway." For in the latter event, the statutory prohibition against driving to the left side of the "roadway" is rendered inapplicable by the express statutory exemption of "a roadway designated by markings or signs for one-way traffic" from the requirement that a vehicle be driven "upon the right half of the roadway." Section 304.015, subd. 2(4); Laws of 1953, loc. cit. 588.

The point is that the only possible theory on which the instant conviction could be sustained is that *one side* of a divided multilane highway is a "roadway" within the scope and application of Section 304.-016, subd. 4, and that theory, as we are

9. It may be noted parenthetically that any such construction of the term "roadway" in Section 304.018, subd. 1(2) [Laws of 1953, loc. cit. 591], requiring that an "(a)pproach for a left turn shall be made in the portion of the right half of the *roadway* nearest the center line thereof," would result in like confusion and absurdity.

convinced and now hold, is untenable and should be rejected. Accordingly, the judgment of conviction is reversed, and the defendant is discharged.

McDOWELL and RUARK, JJ., concur.