Ewald L. **WINTERMANN, Plaintiff-Respondent,**

v.

**ST. LOUIS UNION TRUST COMPANY et al., Defendants,**

**Associated Dry Goods Corporation, Stix, Baer & Fuller Division, Defendant-Appellant.**

**No. 32853.**

St. Louis Court of Appeals.

Missouri.

Jan. 16, 1968.

H. Lawrence Miller and Joseph A. Kirkwood, St. Louis, for appellant.

R. H. McRoberts, Jr., Bryan, Cave, McPheeters & McRoberts, St. Louis, for respondent.

CLEMENS, Commissioner.

This appeal concerns priority between two judgment creditors who garnished an executor. The issue: Was the plaintiff's garnishment premature in view of the statute that an executor is not "liable to be summoned" as a garnishee prior to an order of distribution, and in view of the facts that plaintiff *delivered* his request for garnishment to the sheriff *before* the probate court had ordered the executor to distribute but the sheriff *served* his writ of garnishment on the executor *after* the order of distribution? The trial court upheld plaintiff's garnishment. The other creditor, whose garnishment followed the plaintiff's, appeals from the order upholding plaintiff's earlier garnishment.

The issue was tried on stipulated facts. An abridged statement will be enough to frame the issue raised here. Plaintiff-respondent Ewald L. Wintermann had an $82,424 judgment against defendant Louise M. Howe. The interpleading defendant-appellant, Associated Dry Goods Corporation, Stix, Baer & Fuller Division (Stix), had two judgments against Mrs. Howe totaling $9,444. At the times here concerned, the estate of Mrs. Howe's husband was in process of administration. On *April 9, 1964*, the probate court ordered the executors to distribute to Mrs. Howe.

On March 13, 1964 (27 days before the order of distribution), plaintiff got a writ of execution on his judgment. On the same day plaintiff executed and delivered to the sheriff a request for garnishment. The sheriff took no action then but on April 14, 1964 (5 days after the order of distribution), the sheriff, at plaintiff's direction, summoned the executors as garnishees.

Thereafter, in an attempt to collect on its $9,444 judgments against Mrs. Howe, Stix also garnished the executors. On August 13, 1964 (some four months after the order of distribution), Stix had a writ of garnishment served on the executors to collect its first judgment. On November 2, 1965, Stix had another writ of garnishment served on the executors to collect its second judgment.

During the course of these garnishments the executors paid $54,654 of Mrs. Howe's funds into court. Plaintiff claims it all under his $82,424 judgment, contending his garnishment is prior in time to Stix's garnishment. Stix claims plaintiff's garnishment was invalid and that Stix is therefore entitled to $9,444 of the fund. This $9,444 is the amount in dispute.

Stix contended below that plaintiff's earlier garnishment was premature and therefore invalid. This contention of prematurity was based on the fact that plaintiff's *request for garnishment* was delivered to the sheriff before the probate court ordered the executors to distribute, and that by § 525.030, V.A.M.S., an executor is not "liable to be summoned as garnishee" prior to an order of distribution. Stix contended that the executors were "liable to be summoned" from the moment plaintiff delivered his request for garnishment to the sheriff, and that this *liability to be summoned* existed before the probate court ordered the executors to distribute.

As said, the trial court denied Stix's contention, upheld plaintiff's garnishment, and ordered the entire fund paid to him. Stix appeals from that order.

It is conceded that the plaintiff, twenty-seven days *before* the order of distribution, took preparatory steps to garnish the executors. He got a writ of execution and "executed his Request for Garnishment directed to [the executors] and delivered said Request for Garnishment to the Sheriff of the City of St. Louis." It is also conceded that five days *after* the order of distribution plaintiff "requested the Sheriff of the City of St. Louis to summon [the executors] as Garnishees" and that the sheriff then did so. Nonetheless, Stix says the issue is to be determined by definition of the word "liable" in § 525.030, V.A.M.S., which says an executor shall not "be liable to be summoned" as a garnishee prior to an order of distribution.

■ Stix's argument runs like this: An event is "liable" to happen if it is within the range of possibility; that therefore the executors became "contingently subject to be summoned" when plaintiff first delivered his request for summons to the sheriff; that this voided plaintiff's garnishment. Quoting Stix's brief, this is the gist of its argument: "Consider the intention of the legislature. It would seem from the choice of words employed in the statute (the title of which is 'Who not liable to be summoned as Garnishee'), that the legislative body intended to protect an executor, not only from the service of process, but more than that, *they intended to protect him from the threat of such service*, until such time as his obligation to pay became final and absolute." (Our emphasis.) We believe that this literal interpretation—based on one meaning of the word "liable"—is out of harmony with the legislative intent of § 525.030, V.A.M.S. Instead, we accept plaintiff's interpretation that the phrase "liable to be summoned" means subject to summons and that the statute is intended to protect executors from being effectively summoned, not to protect them from the mere threat, possibility or probability of being summoned.

"Liable" is a word of flexible meaning. Stix quotes Black's Law Dictionary defining the word "liable" as meaning "exposed or subject to a given contingency." But that same authority (Fourth Edition at p. 1060) also defines the word "liable" as meaning "bound or obliged in law or equity." Black illustrates those definitions: "liable for such tax" means "subject to a tax"; "liable to action" means "liable to judgment"; "liable to penalty" means "subject to penalty." We think the weight of all this favors the plaintiff's contention that the phrase "liable to be summoned"

simply means "summoned" and that the statute protects an executor from being effectively summoned, not from the mere threat of being summoned.

■ Assuming, arguendo, that the phrase "liable to be summoned" is ambiguous, we must construe it to ascertain and give effect to the legislative intent. Foremost Dairies, Inc. v. Thomason, Mo. (banc), 384 S.W.2d 651 [5]. In this we consider the object sought to be accomplished: the manifest purpose of the act. State v. Tustin, Mo.App., 322 S.W.2d 179 [3]; Hinds v. Kircher, Mo., 379 S.W.2d 607 [5]. We do not learn that intent by the definition of isolated words or phrases but by considering the words within the whole context of the statute itself and other statutes that apply to the subject matter. Veal v. City of St. Louis, 365 Mo. 836, 289 S.W. 2d 7 [4]; State v. Bern, Mo.App., 322 S.W.2d 175 [1–5].

Chapter 525, V.A.M.S., governs garnishments in aid of execution. Since the first three sections are in pari materia we consider them together. Section 525.010 says *all persons* who are debtors of the defendant *shall be subject to garnishment.* Section 525.020 says the sheriff shall summon garnishees when he is so directed by a plaintiff. Section 525.030 says that certain public officers, and executors prior to being ordered to distribute, shall not be *liable to be summoned* as garnishees. Consider §§ 525.010 and 525.030 together: the former makes all debtors subject to garnishment, the latter exempts certain of them. All debtors except those exempted can be garnished.

It is historically apparent that § 525.030, V.A.M.S., is meant merely to exclude certain persons from the obligation to respond in garnishment. By the Territorial Laws of 1818, § 2 at p. 600, *all debtors* were ·subject to be summoned as garnishees. This provision was carried over into R.S. Mo. 1825, § 2 at p. 145. Eleven years later, by the Laws of Missouri of 1836, § 2 at p. 44, the legislature declared that no

sheriff or certain other public officers "shall be summoned as garnishees." By another enactment, nineteen years later (R.S.Mo. 1855, § 27 at p. 246), the legislature broadened the exemptions from garnishment and declared further that certain executors shall not "be liable to be summoned."

■ We bear in mind that a garnishee's obligations arise not at the time the plaintiff requests the writ but at the time the summons is served. Considering §§ 525.010 and 525.030, V.A.M.S., together —and giving weight to their legislative history—it is our opinion that by § 525.030 the legislative intent was simply to exempt certain executors (those who had not been ordered to distribute) from the obligation of responding in garnishment. The present executors were not exempt, because they were served with summons after they had been ordered to distribute. We find no basis for Stix's contention that § 525.-030 was intended to protect the executor from the possible threat of summons that arose when plaintiff *requested* the sheriff to issue a writ of garnishment.

■ In its brief Stix says—for the first time—the trial court erred in upholding plaintiff's garnishment, because summons was served before expiration of the 30-day period in which the probate court's order of distribution was subject to appeal. This point was not raised in Stix's after-trial motion, so it is not preserved for review. Civil Rule 79.03, V.A.M.R.

The trial court correctly denied Stix's attack on plaintiff's garnishment. The judgment will be affirmed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.