**56**

HOWARD, SINGER & MEEHAN,
Appellants,

v.

CLAYTON FEDERAL SAVINGS AND
LOAN ASSOCIATION and Phyllis M.
L. Hill, Respondents.

No. 39788.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 27, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 16, 1979.

Application to Transfer Denied
April 10, 1979.

Howard, Singer & Meehan, Raymond Howard, St. Louis, for appellants.

Leo Garvin, Edgar G. Boedeker, Fordyce & Mayne, St. Louis, for respondents.

CLEMENS, Judge.

This declaratory judgment action concerns payment of $12,487, proceeds from a fire insurance policy arising from destruction of the home of the owner-insured, Mrs. Phyllis M. L. Hill. The issue is that of priority between two claimants. Plaintiff-law firm claims one-third under a contingent fee contract with Mrs. Hill, given them by her after the fire. Defendant-Clayton Federal Savings & Loan Association, as the holder of Mrs. Hill's $13,050 note and prior deed of trust, claims all the insurance proceeds under the insurance policy's loss-payable clause.

The trial court found defendant-Clayton Federal had a prior lien and was entitled to the proceeds in full. Plaintiff-attorneys have appealed, contending defendant-lender, by not moving promptly to collect the insurance proceeds and directing Mrs. Hill to personally seek to enforce payment, had waived the priority of its lien.

At the summary judgment hearing, Mrs. Hill testified she notified defendant her

home had been damaged by fire and asked defendant to contact her insurer, but they did not. She then retained plaintiff to represent her and collect the policy proceeds. She agreed to pay plaintiff a contingent fee of one-third of the recovery. Plaintiff negotiated a settlement with the insurer and a $12,487 check payable to Mrs. Hill, Attorney Raymond Howard and Clayton Federal was tendered into court.

Defendant's motion for summary judgment alleges ownership of its deed of trust on Mrs. Hill's property and prior claim under the policy's loss-payable clause.

 It is a general rule that as between liens arising out of private contract, the lien which is prior in time is entitled to satisfaction before other later liens binding the same property. *Rankin v. Scott*, 25 U.S. 177, 12 Wheat. 177, 6 L.Ed. 592 (1826). Priority in time creates priority in force and effect; the first in order of time being, *prima facie*, superior to those of a later date. *Jaicks v. Oppenheimer*, 168 S.W. 216[1, 2] (Mo.App.1914), 264 Mo. 693, 175 S.W. 972 (1915). Defendant's lien therefore is superior to plaintiffs', which was acquired more than a year later.

Plaintiffs contend here for the first time that defendant waived the priority of its lien by leaving the insurance negotiations with Mrs. Hill, the owner-mortgagor. Waiver is an affirmative defense which if not pleaded, presented or passed on in the trial court, cannot be presented for the first time on appeal. *Ehrle v. Bank Building & Equipment Company of America*, 530 S.W.2d 482[8] (Mo.App.1975).

Viewed as plain error, the point is not supported by plaintiffs' cited case of *H. B. Deal Const. Co. v. Labor Discount Center, Inc.*, 418 S.W.2d 940 (Mo.1967), where the bank-mortgagee was held to have waived the priority of the lien of its deed of trust in favor of the mechanics' lien claimants because it caused, procured and induced them to provide services and materials for the construction of an improvement. Plaintiffs' attorney's lien is distinguishable from a mechanic's lien and active participation by defendant is not alleged in this case.

We concur with the opinion of *Sureck v. United States Fidelity and Guaranty Company*, 353 F.Supp. 807[1–3] (W.D.Ark. 1973), and hold that a law firm which undertakes to collect proceeds for a mortgagor under a fire insurance policy, without express authority from the mortgagee, assumes the risk that its claim for compensation will turn out to be inferior to the claim of the mortgagee on those proceeds.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.