**MARK TWAIN BANK,**
**Plaintiff/Respondent,**

v.

**Thomas P. VATTEROTT,**
**Defendant/Appellant,**

**and**

**Prospect Creek Partnership,**
**Defendant/Appellant.**

**No. 71671.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Sept. 30, 1997.

William H. Leyhe, III, Leyhe, Meyer, Lehye & Lobel, St. Louis, for defendant/appellant.

Harry B. Wilson, Christopher H. Keefe, Husch & Eppenberger, St.Louis, for plaintiff/respondent.

REINHARD, Presiding Judge.

Defendants appeal from the trial court's entry of a pay-out order directing the personal representative of the Estate of Margaret R. Vatterott (Estate) to pay Mark Twain Bank (Bank) the $5,000 partial distribution from the Estate intended for Thomas P. Vatterott. We affirm.

On April 4, 1988, Bank obtained a judgment against Thomas P. Vatterott for $316,-431.54. The judgment has not been satisfied. On June 18, 1996, a garnishment issued on behalf of Bank against John S. Steiner, successor personal representative (personal representative) of the Estate. The garnishment was to attach the assets distributed to Thomas P. Vatterott from the estate. The personal representative was served with the garnishment on June 20, 1996.

On June 9, 1996, Prospect Creek Partnership (Partnership) forwarded personal representative an Assignment and Agreement purporting to assign Thomas P. Vatterott's interest in the Estate to the Partnership. This document was not dated, but apparently included a statement that the agreement was entered into "June ___, 1996." The purported assignment was intended to satisfy, in whole or in part, a May 1, 1996 judgment against Vatterott in favor of the Partnership. On July 22, 1996, a garnishment issued on behalf of the Partnership and against personal representative in an attempt to satisfy the judgment. The personal representative was served on August 27, 1996.

On August 27, 1996, the personal representative made a partial distribution of $5,000 to Vatterott out of the Estate. Noting that three garnishments or assignments existed on Vatterott's share, the court ordered the money to be paid into the court registry, and disbursed only on court order.

On September 12, 1996, Bank filed a Motion for Entry of Pay-Out Order. On Octo-

ber 22, 1996, the court granted Bank's motion and ordered the $5,000 be paid to Bank.

In their sole point, defendants argue that section 525.030.1, RSMo 1994.[1] deems Bank's summons of garnishment unenforceable because it was served on personal representative before the probate court issued its order of distribution. Section 525.030.1 states, in pertinent part, "No ... administrator or executor of an estate, prior to an order of distribution ... [shall] be liable to be summoned as garnishee...." In support of their argument, defendants rely on *Wintermann v. St. Louis Union Trust Co.*, 424 S.W.2d 94 (Mo.App. E.D.1968). That case involved a dispute concerning priority between two judgment creditors who garnished an executor seeking funds to satisfy debts of the same individual. *Id.* at 95. The first creditor, Wintermann, filed a request for garnishment on March 13, 1964. *Id.* The order of distribution issued on April 9, 1964, and Wintermann requested that the sheriff serve the summons on the executor on April 14, 1964. *Id.* The second creditor, Stix, did not serve its writ of garnishment until August 13, 1964. *Id.* Stix claimed that Wintermann's garnishment was premature and therefore invalid. *Id.* at 96. Stix argued that section 525.030 was intended to protect an executor from the threat of service of process. *Id.* After a detailed statutory interpretation, the court held:

> ... by [section] 525.030 the legislative intent was simply to exempt certain executors (those who had not been ordered to distribute) from the obligation of responding in garnishment. The present executors were not exempt, because they were served with summons after they had been ordered to distribute. We find no basis for Stix's contention that [section] 525.030 was intended to protect the executor from the possible threat of summons that arose when plaintiff *requested* the sheriff to issue a writ of garnishment.

(emphasis original) *Id.* at 97.

■ We find the Stix argument in *Wintermann* equally unconvincing here. Under the statute, the fact that Bank served personal representative with a summons of garnishment before the probate court issued an order to distribute does not operate to invalidate the garnishment. Instead, it protects the personal representative from liability for the amount garnished until an order to distribute is issued. Priority to collect on the garnishment still goes to the first party to serve the personal representative with a summons of garnishment. *See Howard, Singer & Meehan v. Clayton Fed. Savings And Loan Assoc.*, 578 S.W.2d 56, 57 (Mo. App. E.D.1978). To hold otherwise would require creditors to anticipate when the probate court might issue an order to distribute on an estate in which a debtor may have an interest, and then line up at the courthouse to serve the personal representative. Such a result would be impractical.

The judgment of the trial court is affirmed.

KAROHL and ROBERT G. DOWD, Jr., JJ., concur.

1. All statutory citations are to RSMo 1994.